CHARLES I. TURPIN *et al.*

*v.*

THOMAS L. DENNIS.

*Filed at Springfield November 2, 1891.*

1. HIGHWAY—*right to obstruct to protect crops.* A party has no right to use or obstruct a road which is appurtenant to his and other persons' lands or lots, for the purpose of protecting his crops. He will have no right to place gates upon such way for any purpose, and thereby obstruct its free use.

2. LACHES—*obstructing an easement—delay in remedy.* Where the defendant is not misled to his injury, or in any manner placed in a worse position by the delay of the complainant in filing his bill to enjoin the obstruction of an easement or road appurtenant to his premises, and there is no proof of such a denial or absolute obstruction of his rights as to require him to act more promptly, a court of equity will not refuse relief on the ground of such delay.

3. PLAT—*in partition—estoppel.* A party who derives his title under a partition proceeding, and whose deed describes his lots according to a plat of the lots and a road made by the commissioners, can not be permitted to say that such plat is void for want of authority in the commissioners to lay out such road.

4. PARTITION PROCEEDINGS—*questioned collaterally.* An error or irregularity in a partition proceeding, not going to the jurisdiction of

the court, can not be taken advantage of in a collateral proceeding. The power of the commissioners to plat a road over the land divided can not be questioned collaterally.

5. CHANCERY JURISDICTION—*questioned by demurrer.* If the defendant in a bill to enjoin the obstruction of a way desires to question the jurisdiction of the court on the ground that there is a complete remedy at law, he should do so by demurrer. If he proceeds to a hearing without raising the objection it can not be availed of on demurrer, the subject matter of the suit not being wholly foreign to equity jurisdiction.

6. CHANCERY PRACTICE—*objection as to parties, too late on appeal.* An objection that proper parties were not made defendants in a bill comes too late on appeal or writ of error, when no relief is sought against any persons not made parties, and the bill fails to show that any omitted parties are interested in the suit.

7. APPEAL—*freehold involved.* On bill by a party owning lots abutting on a roadway, which is claimed to be a perpetual easement appurtenant to the lots of the complainant and defendants, to enjoin its obstruction, a freehold is involved, within the meaning of the statute relating to appeals and writs of error, and an appeal lies directly to this court.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

This was a bill by appellee, against appellants, to restrain them from obstructing his free use of a roadway. The bill alleges that in a certain partition proceeding in the circuit court of Sangamon county, the commissioners, by their report making partition of the premises therein described, divided the lands into twenty-eight lots, and divided them among the parties interested, assigning to each one or more of such lots, and at the same time laid out a road forty-five feet wide over the lands, which they stated was "for the benefit of the owners of the lots of said estate numbered from 7 to 28, inclusive;" that said report was duly approved, and the complainant subsequently purchased from the persons to whom they had been so set off, lots 21 to 25, inclusive; that the defendant Hugh A. Park in like manner became the owner of lots 8 to 13, inclusive, and also of lot 16, but afterwards conveyed lots 8 and 9 and the north half of lot 10 to the defendant Edwin M. Park,

his son; that the defendant Charles I. Turpin in like manner became the owner of lot 20; that each of said parties was in possession of the lots so owned by him at the filing of the bill. Reference is made to the report of said commissioners, and a plat accompanying the same, from which it appears that each of said lots owned by the defendants Hugh A. and Edwin M. Park abuts on said road forty-five feet wide, and that said lot 20, owned by the defendant Turpin, is divided by said road. It also appears from said report and plat that no partition was made of the ground on which said road was located, each lot being platted and described as bordering on the forty-five feet platted as a road. The charge is, that the defendants are obstructing this roadway to the injury of complainant, as owner of said lots, the prayer being that they be enjoined and restrained from so doing.

The defendants filed a joint answer, admitting the partition proceedings set up in the bill, but denying that the court, in that proceeding, had power to lay out and establish said road, or that the commissioners had authority to plat and lay out the same, the court having made no order to them to that effect. They also pleaded *laches.* The circuit court rendered a decree in conformity with the prayer of the bill, from which the defendants have appealed directly to this court.

Messrs. Gross & Broadwell, for the appellants:

If appellants had any right to the strip as a road, the remedy is complete at law. 2 Starr & Curtis, p. 2136, secs. 2, 6; *Oswald* v. *Wolf,* 129 Ill. 200; *Railway Co.* v. *Anderson,* 108 id. 64; 2 Story's Eq. Jur. sec. 925.

When the right claimed is denied, the claimant must first establish his right at law. *Bliss* v. *Kennedy,* 43 Ill. 67; *Clark* v. *Donaldson,* 104 id. 639.

The *laches* of appellee is a bar to the relief sought. 1 Pomeroy's Eq. Jur. secs. 418, 419; *Carpenter* v. *Carpenter,* 70 Ill. 457.

The owner of the strip claimed as a road was a necessary party. *Greenup* v. *Porter*, 3 Scam. 64; *Atkins* v. *Billings*, 72 Ill. 597; *Hopkins* v. *Lead Co.* 72 id. 373; *Spear* v. *Campbell*, 4 Scam. 424.

The commissioners had no power to lay out a road over the land ordered to be partitioned. *Gooch* v. *Green*, 102 Ill. 507; 2 Starr & Curtis, p. 1768, sec. 11.

The plat is not acknowledged, and therefore passes no right. *Lyman* v. *Gedney*, 114 Ill. 388; *Seeger* v. *Mueller*, 133 id. 92; *Kenney* v. *Greer*, 13 id. 443.

The court had no power or jurisdiction to order the laying out of a road. *Winser* v. *McVeigh*, 93 U. S. 274; *Seamster* v. *Blackstock*, 83 Va. 232; *United States* v. *Walker*, 109 U. S. 258.

It does not appear that the gates were not such as might lawfully and properly be kept up for the purpose of protecting the crops of appellants. Unless an open way be expressly granted, suitable gates may be used to protect inclosure. *Garland* v. *Furber*, 47 N. H. 301; *Houper* v. *Alderson*, 22 Iowa, 160; *Baker* v. *Frech*, 45 Md. 337.

An easement of a permanent character in land is a freehold. *Chaplin* v. *Commissioners*, 126 Ill. 264; *Oswald* v. *Wolf*, id. 542; *Richards* v. *People*, 100 id. 426.

Messrs. McGUIRE & SALZENSTEIN, for the appellee:

No freehold is involved. *Richards* v. *People*, 100 Ill. 423; *Lucan* v. *Cadwallader*, 114 id. 285; *Bryan* v. *East St. Louis*, 105 id. 144; *Railroad Co.* v. *Watson*, 105 id. 217; *Zinc Co.* v. *LaSalle*, 117 id. 411; *Sanford* v. *Kane*, 127 id. 591; *Malaer* v. *Hudgens*, 130 id. 225.

In making partition the commissioners have a right, and it is their duty, without any specific directions, to create roadways or other easements in favor of their allotments, if the same appear necessary for the proper enjoyment of such allotments. *Lister* v. *Lister*, 3 Y. & C. 540; *DeWitt* v. *Haney*,

4 Gray, 486; *Smith* v. *Smith,* 10 Paige, 470; *Morril* v. *Morril,* 5 N. H. 134; *Kilgour* v. *Ascham,* 5 H. & J. 82; *Henrie* v. *Johnson,* 28 W. Va. 194; *Morrison* v. *King,* 62 Ill. 30.

A decree in partition can not be attacked collaterally, except for want of jurisdiction. Freeman on Partition, sec. 528; *Austin* v. *Female Seminary,* 8 Metc. 196; *Lang* v. *Clemens,* 107 Ill. 133; *Maloney* v. *Dewey,* 127 id. 395; *McCracken* v. *Droit,* 108 id. 488; *McGregor* v. *Reynolds,* 19 Iowa, 228.

As to jurisdiction of court of equity to protect right of way, see 1 High on Injunctions, sec. 886; *McCann* v. *Day,* 57 Ill. 101; *Zearing* v. *Raber,* 74 id. 413.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellee raises the question of jurisdiction in this court, insisting that under the statute allowing appeals from and writs of error to circuit courts, this appeal should have been taken to the Appellate Court for the Third District. In the opinion of a majority of the members of the court, a freehold in the nature of a perpetual easement appurtenant to the lots owned by the complainant and defendants is involved, within the meaning of the statute. The motion to dismiss the appeal will therefore be overruled. .

On the merits of the case, appellants insist, first, that appellee's remedy, if entitled to any, was complete at law, and therefore his bill should have been dismissed. On this point it is sufficient to say, that having answered the bill, and proceeded to a hearing of the cause without raising the objection now urged, it can not be availed of on error. It can not be seriously contended that the subject matter of this litigation is wholly foreign to equity jurisdiction, and therefore, if the defendants below desired to question that jurisdiction on the ground that there was a complete remedy at law, they should have done so by demurrer to the bill. 48 Ill. 384; 51 id. 500.

It is again urged, that appellee slept upon his rights, if he had any, until a court of equity can not be called upon to aid

him. There is nothing whatever in the record to show that defendants had been misled to their injury, or in any way placed in a worse position by his failure to file his bill at an earlier date. There is, in fact, no proof of such a denial or absolute obstruction of his alleged rights by the defendants as to have required him to act more promptly than he did. 95 Ill. 69.

The objection that proper parties were not made to the bill, even if tenable, also comes too late. The bill does not, however, recognize any one as interested in this litigation other than the complainant and defendants. There is no attempt to affect the rights of any adverse owner of the strip of land on which it is claimed the road in question was laid out. The real question in the case is, whether or not the commissioners, in the partition proceeding, had power to lay out said road, and this question, by their own admission, these defendants are estopped to raise. Whatever title they have is deraigned from that partition proceeding, and the deeds under which they hold describe the lots according to the plat of the lots and the road made by those commissioners. They can not now be permitted to say that such plat is void. But, at most, there was but error and irregularity in that proceeding, and it can not be attacked collaterally.

The contention that the proof fails to show that the gates maintained by the defendants were not necessary and proper to protect their crops, is without merit, if, as contended by complainant, the roadway has a legal existence. In other words, if a road at all it is an open way, and defendants have no right to use it or obstruct it for the purpose of protecting their crops.

In any view of the case we are of opinion that the decree of the circuit court was right, and should be affirmed.

*Decree affirmed.*