___

(No. 15005.—Judgment affirmed.)
THE PEOPLE *ex rel.* Jesse W. Osborn *et al.* Appellants, *vs.* H. L. Cox *et al.* Appellees.

*Opinion filed March 4, 1924—Rehearing denied April 4, 1924.*

SCHOOLS—*when information will be dismissed for laches of relators.* An information attacking the organization of a community high school district upon the sole ground that the district does not constitute a community and is not compact and contiguous will be dismissed where it is filed more than two years after the organization of the district, where bonds have been issued, taxes levied, anticipation warrants issued and sold, and the school building completed and occupied. (*People* v. *Jones,* 308 Ill. 246, followed.)

APPEAL from the Circuit Court of Montgomery county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

FRANK C. RAMEY, State's Attorney, and HOGAN & REESE, for appellants.

HILL & BULLINGTON, and LANE, DRYER & BROWN, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The State's attorney of Montgomery county filed an information in the nature of *quo warranto* in the circuit court against H. L. Cox and others, calling upon them to show by what authority they hold and execute the office of the board of education of the supposed Community High School District No. 157. Pleas of justification were filed, upon which issue was taken, and the cause was heard by the court with-

311—34

out a jury. The issues were found for the respondents, and the People appealed.

On the hearing it was stipulated that everything in connection with the organization of the district was according to law or was subsequently validated except the matters arising upon the issues which were presented as to whether the district was compact and contiguous, whether it constituted a single community within the meaning of the law, whether the proceeding was brought for the public interest or the private interest of the relators, whether the relators had been guilty of *laches* and were estopped by their participation in the affairs of the district, and whether or not the public has suffered or will suffer any inconvenience or public detriment by reason of their delay in presenting the information. The court, as shown by its refusal of propositions of fact requested by the appellants, found that the district was contiguous and compact and that it did not include territory not belonging to the community.

We have examined the evidence in the record and are satisfied with the finding of the court on these questions of fact. Moreover, without regard to these findings, the judgment must be affirmed on the authority of *People* v. *Jones,* 308 Ill. 246. That cause also arose in Montgomery county and was heard at the same term of court as the present cause. The facts in these two cases, so far as the questions presented upon the stipulated issues are concerned, are so similar as to require the same judgment in both cases. In the present case the district was organized in 1919 and an election upon propositions to build a school house and locate and purchase a school house site was held on December 27. Later a proposition to issue $180,000 of bonds was submitted to the voters and carried, the bonds were issued and sold, a school house site was purchased, on June 22, 1920, a contract for building the school house was let, and the school house was completed on September 1, 1921, costing, with the necessary furniture, fixtures and equipment, more

than $230,000. Taxes were levied by the district in July, 1920, and collected, and again in 1921 taxes were levied and anticipation warrants were issued to the amount of $40,000. The district conducted an accredited high school for the year 1920-21 in a rented building and after September 1, 1921, in the new high school building. This information was filed on February 18, 1922.

In the case of the other district (*People* v. *Jones, supra,*) a petition to organize the district was filed and the election on the proposition was held on December 6, 1919. In February, 1920, there was an election upon a proposition to issue bonds, build a school house and purchase a school house site, and bonds to the amount of $80,000, after having been advertised, were sold and delivered to the purchasers on November 30, 1920. The school house site was purchased on September 1, 1920, for $5000, the contract for building a school house was let on October 31, 1921, and the school house was in process of construction when the information was filed. Taxes were levied in July, 1921, and before the filing of the information anticipation warrants for about $10,000 had been issued and sold. The information was filed on February 28, 1922. In the latter case it was held, on the grounds of the acquiescence of the public and of the great inconvenience and public detriment which would result from a judgment of ouster, the information was properly dismissed.

It is evident from a comparison of the facts in the two cases which have been stated, that the application by the circuit court of the same rule in this case required the dismissal of the information, and the judgment of that court will therefore be affirmed.

*Judgment affirmed.*