(No. 16920.—Reversed and remanded.)
KATHERINE SCHULTZ *et al.* Appellants, *vs.* JOHN O'HEARN
*et al.* Appellees.

*Opinion filed December 16, 1925.*

1. ADMINISTRATION—*sale by which administrator acquires title in himself may be set aside by heirs.* An administrator may not at his own sale, directly or through the intervention of another, purchase property belonging to the estate though made at public auction under a judicial decree for full value and with honest intentions, as the law deems such a transaction fraudulent; and such sale is voidable at the option of the heirs, but the heirs must act promptly when not under disability and acquainted with the facts.

2. LACHES—*when laches may be raised by demurrer.* The objection of *laches* may be made by demurrer when it appears on the face of the bill.

3. SAME—*what constitutes laches depends upon the facts in each case.* *Laches* is an equitable defense controlled by established considerations, but the length of time which must pass in order to show *laches* varies with the peculiar circumstances of each case, and is not, like the matter of limitations, subject to an arbitrary rule.

4. SAME—*unreasonable delay with knowledge of facts is generally laches.* As a general rule, unreasonable delay in asserting a right, with knowledge of the facts, by reason of which the person against whom the right is claimed has incurred expense or an obligation or changed his position to his detriment, is ordinarily sufficient reason for equity to refuse its aid to establish an asserted right.

5. SAME—*when wrongdoer cannot raise question of laches.* A confessed wrongdoer, who has not been misled, deceived or harmed by the delay of the person injured in asserting his legal remedies, has no cause of complaint that he was not sooner called to account for his wrongdoing.

6. SAME—*mere lapse of time, short of statutory limitation, will not, alone, bar assertion of a right.* Lapse of time, alone, short of the period of the Statute of Limitations, is not sufficient to bar a bill showing equity on its face, as lapse of time is only one of many circumstances from which the conclusion of *laches* must be drawn, and it is only when the delay is accompanied by some other element rendering it inequitable to permit the owner to assert his title that *laches* will bar the right within the statutory period.

7. SAME—*when there is no laches.* Where the complainant has been ignorant of his rights and there is nothing to show that the defendant has by the delay been misled to his injury or in any way placed in a worse position by a failure to file the bill at an earlier date there is no *laches.*

8. SAME—*when bill to set aside administratrix's sale and deeds is not demurrable for laches.* As an administratrix's sale by which she acquires title in herself is *prima facie* fraudulent and voidable, a defendant claiming under such sale must show facts taking it out of the rule; and a bill filed by heirs to set aside the sale, and deeds executed pursuant thereto, is not demurrable upon the ground of *laches* where nothing appears on the face of the bill to show *laches* except the lapse of time, which is within the statutory period.

APPEAL from the Circuit Court of Mercer county; the Hon. WILLIAM T. CHURCH, Judge, presiding.

R. D. ROBINSON, for appellants.

CHURCH & MANNON, and JAMES A. ALLEN, (WALTER L. MANNON, and VIRGIL C. LUTRELL, of counsel,) for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The circuit court of Mercer county sustained a demurrer to a bill filed by some of the heirs of William O'Hearn, deceased, against the other heirs, to set aside an administratrix's deed of eighty acres of land which O'Hearn owned in his lifetime, and other deeds, and to partition the land. The complainants elected to stand by their bill, it was dismissed for want of equity, and they have appealed.

The bill showed that William O'Hearn died on October 6, 1898, owning the east half of the southeast quarter of section 4, town 13, north, range 4, west of the fourth principal meridian, in Mercer county, leaving his widow, Hannah, surviving him, and ten children, the complainants and defendants, as his heirs. His widow, Hannah, was ap-

pointed administratrix of his estate, which she settled and
closed so far as the personal property and debts were con-
cerned. It was further alleged that the administratrix pre-
tended to sell the real estate on November 8, 1902, to John
O'Hearn for a consideration of $3250 but that no part of
the consideration was ever paid; that the sale was approved
by the county court and a deed made to the purchaser on
November 29, 1902, and on the same day the administratrix
executed a deed conveying the land to John and it was filed
for record. On the same day John and his wife executed a
warranty deed of the same land for the pretended consider-
ation of $3250 to Hannah in her individual capacity, which
was also filed for record on the same day. It was further
alleged that on the same day an agreement was entered into
between Hannah and John whereby Hannah agreed, for the
sum of $3250, that upon her death John should have the
right to purchase the real estate for the sum of $3250, and
she also executed a deed to John, to be delivered at her
death upon the payment of $3250 to her heirs within thirty
days, less the mortgage upon the premises. This agreement
was not filed for record until January 17, 1913. The deed
to John mentioned in that agreement was filed for record
April 17, 1922, after the death of Hannah, but the $3250
was not paid to the heirs of Hannah within thirty days after
her death. It is alleged the Citizens' State Bank of Keiths-
burg, Illinois, claims to have some interest in the real estate
by way of mortgage or otherwise, the nature and extent of
which is unknown to the complainants. The bill prays that
the deeds of Hannah O'Hearn, as administratrix and in-
dividually, to John O'Hearn be set aside and that the land
be declared to be the property of the heirs of William
O'Hearn; that partition may be made, and that the com-
plainants may have such other and further relief as equity
may require.

The bill alleges a colorable sale and deed by the admin-
istratrix for which no consideration was paid and an im-

mediate conveyance by the purchaser to the administratrix. The law forbids such a transaction. An administrator may not purchase, directly or through the intervention of another, property belonging to the estate of which he is administrator, at his own sale as such administrator, though made at public auction under a judicial decree for full value and with honest intentions. Such a transaction the law dèems fraudulent, for the reason that the interests of the buyer and seller in a contract of sale are opposed, that the administrator acts in a fiduciary relation in making the sale, and that he ought not to be exposed to this conflict of interest in selling as trustee for the estate and buying for himself. The rule is inflexible, and in many cases the right of heirs by a bill in equity to have a sale by an administrator set aside where the administrator himself has been the purchaser has been sustained. (*Miles* v. *Wheeler*, 43 Ill. 123; *Kruse* v. *Steffens*, 47 id. 112; *Lagger* v. *Mutual Union Loan Ass'n*, 146 id. 283; *Elting* v. *First Nat. Bank*, 173 id. 368; *Miller* v. *Rich*, 204 id. 444; *Rittenhouse* v. *Smith*, 255 id. 493.) Such a sale is not, however, void but only voidable. The heirs have their election to let the sale stand, or by taking appropriate action within a reasonable time to have it set aside. They must act promptly when they are not under any disability and are acquainted with the facts if they would insist upon having the sale set aside.

The defendants set up *laches* appearing from the allegations of the bill as one ground of demurrer. The objection of *laches* may be made by demurrer when it appears on the face of the bill. (*Elting* v. *First Nat. Bank, supra; Foss* v. *People's Gas Light Co.* 293 Ill. 94.) There is no absolute rule as to what constitutes *laches*,—it must be determined from the facts of each particular case. Unreasonable delay in asserting a right, with knowledge of the facts, by reason of which the person against whom the right is claimed has incurred expense or obligation or changed his

position to his detriment, is ordinarily sufficient reason for equity to refuse its aid to establish an asserted right. Where, however, there is no knowledge of the wrong done or refusal to ascertain facts there is no *laches.* A confessed wrongdoer, who has not been misled, deceived or harmed by the delay of the person injured in asserting his legal remedies, has no cause of complaint that he was not sooner called to account for his wrongdoing. (*Stewart* v. *Finkelstone,* 206 Mass. 28.) The sale complained of was made on November 29, 1902, and the bill in this case was filed on September 9, 1922,—nearly twenty years after the sale but within the period in which an action to recover the possession of the land would be barred by the Statute of Limitations. The bill contains no information of any circumstance in connection with the land since the sale. The mere lapse of time is the only argument in support of the demurrer. No change in the relation of the parties, the condition or value of the property is alleged; no improvement made, no money expended or liability incurred; no subsequent conveyance made or lien incurred; no allegation as to the possession or use of the property during this period or its present situation, except that there is no homestead or dower interest in the premises. The question, then, is whether the mere lapse of time, short of the Statute of Limitations, without action taken by the complainants to enforce their right, amounts to *laches* so as to bar their remedy. This question must be answered in the negative. Lapse of time is only one of many circumstances from which the conclusion of *laches* must be drawn. Each case must be determined by its own particular facts. (*Reynolds* v. *Sumner,* 126 Ill. 58.) Lapse of time, alone, is not sufficient to bar a bill showing equity on its face, (*Smith* v. *Ramsey,* 1 Gilm. 373,) and it is no bar where the party has been ignorant of his rights. (*Roby* v. *Colehour,* 135 Ill. 300.) Where the obligation is clear and its essential character has not been changed by lapse of time, equity will en-

force a claim of long standing as readily as one of recent origin as between the immediate parties to the transaction. (*Thorndike* v. *Thorndike,* 142 Ill. 450.) Where there is nothing to show that the defendant has been misled by the delay to his injury, or in any way placed in a worse position by a failure to file the bill at an earlier date, there is no *laches.* (*Turpin* v. *Dennis,* 139 Ill. 274.) The length of time during which the party neglects the assertion of his rights, which must pass in order to show *laches,* varies with the peculiar circumstances of each case, and is not, like the matter of limitations, subject to an arbitrary rule. It is an equitable defense controlled by established considerations, and the lapse of time must be so great and the relations of the defendant to the rights such that it would be inequitable to permit the plaintiff to now assert them. (*Halstead* v. *Grinnan,* 152 U. S. 412.) We have held that mere delay for any period short of the Statute of Limitations could not bar the assertion of title to real estate; that it is only when the delay is accompanied by some other element rendering it inequitable to permit the owner to assert his title that *laches* will bar the right within the statutory limitation period. *Gibbons* v. *Hoag,* 95 Ill. 45; *Compton* v. *Johnson,* 240 id. 621; *Hutson* v. *Wood,* 263 id. 376; *Lynn* v. *Worthington,* 266 id. 414; *Stowell* v. *Lynch,* 269 id. 437; *DeProft* v. *Heydecker,* 297 id. 541.

The bill sets out a clear right in the complainants to have the sale set aside on equitable terms. No circumstance having, of itself, a tendency to show *laches* appears except the lapse of time, and that, alone, is not sufficient. It may be that complainants have been guilty of *laches* so as to bar their right to maintain the bill, but it does not appear on the face of the bill, and the rule is that the purchase being *prima facie* a fraud and void, it devolves on the defendant claiming under it to show whatever he claims takes it out of the rule. (*Miles* v. *Wheeler, supra.*) The bill shows a case where the complainants were originally entitled to the

relief asked. It does not show *laches* to bar that relief. It was therefore sufficient to require an answer of defendants.

It was error to sustain the demurrer, and the decree is therefore reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*