THE PEOPLE *ex rel.* Alden McIntyre *et al.* Plaintiffs in Error, *vs.* GEORGE W. KEENE *et al.* Defendants in Error.

*Opinion filed June 16, 1926—Rehearing denied October 12, 1926.*

1. QUO WARRANTO—*what may be considered on application for leave to file information.* On an application for leave to file an information in the nature of *quo warranto* the court may consider all the circumstances of the case, the position and motives of the relators in having the proceedings instituted, and, where the information is to be filed by private relators, such equitable considerations as estoppel and *laches,* in deciding whether the public interest will be served by allowing the information to be filed.

2. SCHOOLS—*when mere delay does not estop filing of information against high school district.* Acquiescence on the part of the public generally will justify a refusal to grant leave to file an information in *quo warranto,* or to proceed to judgment after the information is filed, where it appears that great inconvenience and public detriment will result, but mere lapse of time does not estop the People; and although a community high school district has been in existence and maintained school for five years, where no obligations have been incurred except current obligations in running the school, all of which have been met, no bonds authorized, issued or sold, no school house site selected or purchased, and no school house purchased or built, relators are entitled to have their information filed and the cause heard on its merits.

3. LACHES—*what constitutes laches.* Mere delay does not constitute *laches,* and it is only where the delay works a disadvantage to the opposite party rendering it inequitable to enforce the right on account of loss of evidence, change of title, intervention of equities and other causes, that the court will deny relief on the ground of *laches* or estoppel.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM J. EMERSON, Judge, presiding.

F. J. CAMPBELL, State's Attorney, (C. W. MIDDLEKAUFF, of counsel,) for plaintiffs in error.

SHEEAN & SHEEAN, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Upon the petition of the State's attorney of Jo Daviess county, at the relation of Alden McIntyre, Thomas Morrison and Jacob Gras, leave was granted to file in the circuit court an information in the nature of *quo warranto* against George W. Keene, J. B. Parker, Lawrence Hunt, J. David Steele and F. B. Cooley, calling upon them to show by what authority they assume to act as members of the board of education of Community High School District No. 124 of Jo Daviess county. The information charged that the district lies in the southwest corner of Jo Daviess county and that it contains approximately sixty-five sections of land; that the high school is conducted in a school building in the village of Hanover; that it is more than twelve miles from the school house to the most remote residence in the district; that Apple river, Big Rush creek and Little Rush creek traverse the district; that along these streams and along the Mississippi river, which is the western boundary of the district, there are ranges of high hills, many of which are very steep; that the roads in the district are ill-kept and that relators live in a part of the district which has direct connection over good roads with other trading points; that the notices for the calling of the election for the establishment of this district were posted in obscure places in the territory, and that many of the persons residing in the eastern part of the district did not know they were in a community high school district for a year or more after it was organized. The information was filed August 17, 1925, and the district was organized October 2, 1920. On December 14, 1925, defendants in error presented a motion, supported by affidavit, to set aside the order granting leave to file the information, on the ground that great public inconvenience and detriment would result if the district were dissolved after it has been permitted to continue for five school years. After a hearing upon this motion it was allowed and the

order granting leave to file the information was set aside. This writ of error is prosecuted to review that judgment.

The affidavit in support of the motion to set aside the order granting leave to file the information sets forth that taxes were levied for each of the years 1920 to 1924; that the money thus raised by taxation was expended for the maintenance of a high school in said district in quarters rented in the school building owned and maintained by common school district No. 4 at Hanover; that forty-three boys and girls have graduated from said high school; that various sums of money, aggregating $1200, have been spent for high school equipment and that an additional sum of $500 was to be spent during the school year 1925-26; that teachers have been employed and paid for each of the four school years beginning with September, 1921, and ending May, 1925, and that teachers have been hired for the school year 1925-26. They allege further that the relators, and those who filed affidavits in support of the petition for leave to file the information, had actual knowledge of the organization of the school district at the time it was organized and that they have acquiesced in the maintenance of the school during the five-year period since its organization. In support of the petition for leave to file the information fifty-one persons filed affidavits, and but one of them knew that his land was included in the district in 1920. About three-fourths of them learned that they were within the district in 1923, and the others did not know they were in the district until 1924 or 1925. Many of these affiants had not been in the village of Hanover during the five years and few had been there more than two or three times a year.

On an application for leave to file an information in the nature of *quo warranto* the court may consider all the circumstances of the case, the position and motives of the relators in having the proceedings instituted, and whether the public interest will be served by allowing the information to be filed. Acquiescence on the part of the public gen-

322—17

erally will justify a refusal to grant leave to file the information, or to proceed to judgment after the information has been filed, where it appears that great inconvenience and public detriment will result, (*People* v. *Cox,* 311 Ill. 529; *People* v. *Burrell,* 308 id. 600; *People* v. *Stewart,* 306 id. 470; *People* v. *Schnepp,* 179 id. 305;) but mere lapse of time does not estop the People. (*People* v. *Hartquist,* 311 Ill. 127.) *Laches,* in legal significance, is not mere delay, but delay which works a disadvantage to another. As long as parties are in the same condition it matters little whether one presses a right promptly or slowly within limits allowed by law, but when, knowing his rights, he takes no step to enforce them until the condition of the other party has in good faith become so changed that he cannot be restored to his former state, if the right be then enforced delay becomes inequitable and operates as estoppel against the assertion of the right. The disadvantage may come from loss of evidence, change of title, intervention of equities, and other causes, but when a court sees neglect on one side and injury therefrom on the other it is a ground for denial of relief. (*Chase* v. *Chase,* 20 R. I. 202, 37 Atl. 804; 1 Pomeroy's Eq. Rem.—2d ed.—sec. 21.) Lapse of time is only one of the many circumstances from which the conclusion of *laches* must be drawn. (*Schultz* v. *O'Hearn,* 319 Ill. 244.) These are principles of equity, but they are applicable in considering the right to file an information in the nature of *quo warranto* at the instance of private relators. There is no showing in this case that the situation is any different now from what it was nearer the time of the organization of the district. No school house site has been selected or purchased, no bonds have been authorized, issued or sold, no school house has been purchased or built, nor was there any showing on the motion to set aside the order granting leave to file the information that there were any obligations outstanding which would not now be discharged. The only obligations incurred by the district have been current obli-

gations. Taxes have been levied and collected for the purpose of meeting these current obligations and they have been met. The only ground on which defendants in error seek to justify the vacation of the order granting leave to file the information is the unreasonable delay of five years in instituting the proceedings. There being no showing of great inconvenience or injustice to the public caused by this delay, the relators were entitled to have the cause heard on its merits.

The judgment is reversed and the cause is remanded to the circuit court of Jo Daviess county for further proceedings.                      *Reversed and remanded.*