(No. 19956.

JOSEFA SZAROWICZ, Defendant in Error, *vs.* STANISLAW SZAROWICZ, Plaintiff in Error.

*Opinion filed February 21, 1930—Rehearing denied April 3, 1930.*

W. G. ANDERSON, (GEORGE H. SUGRUE, of counsel,) for plaintiff in error.

CORINNE L. RICE, for defendant in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Defendant in error filed her bill in June, 1926, to set aside a deed executed December 27, 1922, conveying to her husband one-half of two lots improved by buildings in the city of Chicago. The parties will be referred to as complainant and defendant. The bill alleged complainant was the owner of two buildings at 4633 and 4635 Gross avenue, in Chicago; and that she had been married to defendant, but in September, 1922, on a bill filed by her a decree was entered granting her a divorce. The decree for divorce found that complainant was the owner in fee of said property. From the time of the divorce to December, 1922, defendant sought a reconciliation with his former wife and promised to treat her kindly and to give up his habit of drinking. The bill alleged he said the divorce decree could be set aside by stipulation, and he induced complainant to sign at his attorney's office a stipulation, as she supposed and as he represented, that would amount to a re-marriage of complainant and defendant. She subsequently learned that what she signed at the office of defendant's attorney was a deed conveying one-half of the premises to defendant. At the time complainant signed the supposed stipulation she was illiterate so far as the English language was concerned, being unable to read or write in that language, and the stipulation, she avers, was in a language she was unable to read; that defendant induced her through fraud and misrepresentation to sign the paper in December, 1922; that one of the properties, known as 4635 Gross avenue, was subsequently conveyed to a stranger by the parties for $4375; that $3000 was used to pay off a mortgage on the premises, $375 was used in consummating the deal and $1000 was appropriated by defendant, and complainant received no part of the consideration. In November, 1925, complainant filed another suit for divorce, charging her husband with habitual drunkenness for more

than two years, cruelty and attacks upon her life. Defendant demurred to the bill on the ground that the divorce granted in 1922 was in full force and effect. The demurrer was sustained and the bill dismissed. Previous to that time complainant had thought she was the legal wife of defendant. Defendant was in possession of the unsold property, known as 4633 Gross avenue, using a part of the first floor thereof as a barber shop and was receiving $48 a month rent from the tenants of the other apartments. The bill alleged the deed signed by complainant in December, 1922, was procured by fraud and asked that it be set aside, that a judgment be entered against defendant for the $1000 he received from the sale of the premises conveyed by them, and that an accounting be taken and he be directed to pay complainant for the use of the premises, or, in the event that could not be done, that the premises be partitioned according to law. A decree was entered on the bill that defendant convey all right and interest in the property to complainant and pay her $1000. This is the substance of the important parts of the bill filed by complainant.

Plaintiff in error and other defendants answered. They admit the marriage in 1903 and aver that at that time complainant had no money or property and had never since the marriage acquired or inherited or been possessed of any money or property, real, personal or mixed; that all the real estate described to which she since held legal title was bought and paid for by defendant out of money earned by him and the legal title held by her in trust for him. The answer admits the filing of the bill for divorce in 1922; that personal service was had upon defendant; that a decree for divorce was entered and the parties agreed on alimony to be paid by defendant. The answer admits that in December, 1922, defendant and complainant effected a reconciliation and made a stipulation that the divorce decree be set aside. The stipulation to dismiss the divorce

case and set aside the decree was made three terms after the decree had been entered. The answer avers that complainant knew and understood at the time she executed the deed what she was signing and understood the legal consequences of the deed. The answer denies the deed was obtained through misrepresentation and fraud and was without consideration, but avers the defendant purchased the property with his own money and that the title was placed in complainant to hold in trust for defendant. The answer admits the sale of one of the properties by complainant and defendant for the sum of $4375, but denies the appropriation of $1000 of the purchase money by defendant or that complainant received no part of the consideration. The $1000 was averred to have been used by complainant as she saw fit. The answer further admits that complainant filed a bill in November, 1925, for divorce; that defendant demurred to the bill on the ground that the divorce previously granted was in full force and effect; that the demurrer was sustained and the bill dismissed; that at the time complainant in good faith believed herself to be the lawful wife of defendant and they were living together. The answer avers that by complainant making the deed to defendant she simply placed him *in statu quo,* and the real consideration for the deed was the trust in complainant which was executed by the making of the deed. The answer denies that complainant had any right, in law or equity, to the relief prayed or any part of it. The foregoing is a mere outline of apparently the most important averments of the answer. Complainant filed a replication, and thereafter defendant's attorney served notice of his intention to withdraw as attorney for defendant, and an order permitting his withdrawal was entered. The answer filed was allowed to stand as the answer *pro se* of defendant.

The case came on for trial upon the bill and answer, and the decree recites the hearing upon oral and documentary evidence offered in open court. Defendant was not

present when the decree was entered, but he was served with notice by complainant's counsel that she would appear before the judge June 15, 1929, and present a decree to be entered on the hearing had June 5, 1929, and that defendant could be present if he saw fit. This notice was served June 13, 1929. Defendant did not appear, and the court entered a decree finding that the two lots mentioned in the bill were purchased with money of the complainant which she inherited from her father's estate, and that during her married life she was income-producing and the income was used to pay on the property. The court found complainant and defendant were divorced September 29, 1922, and the decree sets forth at least a portion of the decree in the divorce proceedings. The divorce decree recites that after hearing testimony in support of complainant's bill, and being advised in the premises, the court finds it has jurisdiction of the parties and the subject matter; that complainant has been a resident of Illinois for more than a year and that defendant had been guilty of extreme and repeated cruelty to her; that title to the two lots, 4633 and 4635 Gross avenue, is in complainant, who is the owner thereof in fee simple. The bonds of matrimony were dissolved, the sole care and custody of the five minor children were awarded to complainant, and defendant was ordered to pay alimony to complainant. The decree entered in the case at bar recites that a few weeks subsequent to the entry of the divorce decree, and after the close of the term at which the divorce was granted, defendant urged complainant to resume marriage relations and made her promises of kind and affectionate treatment and that he would quit drinking liquor, and on December 27, 1922, complainant agreed that the divorce granted in September, 1922, be set aside and vacated, and on motion pursuant to stipulation filed the decree for divorce was vacated on the 27th of December, 1922, for the sole and only purpose of consummating a re-marriage between complainant

and defendant; that defendant represented to complainant that the written instrument was necessary to be executed by her in order to consummate a re-marriage between them; that complainant was unable to read or write the English language and was then unable to read the written instrument, and was not informed and did not know it was a deed for the conveyance of her interest in the property to complainant; that she believed the false representations made to her by defendant to be true and that it was necessary for her to sign the instrument in order to consummate a re-marriage between them; that she was thereby induced to sign the instrument which she believed was intended to consummate a re-marriage between them but was in fact a deed to defendant for one-half of the property. The decree finds that complainant received no money as a consideration for signing the deed and that the same is null and void. The decree further finds that defendant, subsequent to the supposed re-marriage, continued his cruel and drinking habits; that the parties conveyed lot 13, known as 4635 Gross avenue, for $4375; that $3000 was used to pay a mortgage on the property, $375 for expenses of putting the deal through, and that $1000 of the purchase price was appropriated and retained by defendant and no part of it had been paid to complainant. The demurrer to the second bill by complainant for divorce was sustained December 23, 1925, which is the first knowledge complainant had that the supposed stipulation to set aside the decree for the first divorce was null and void. About that time she also learned that what she had supposed she signed stipulating to set aside the first decree was a deed, and thereupon in June, 1926, she filed the bill in this case.

The decree is lengthy and we have set out what we deem the most important parts of it because no certificate of evidence is embraced in the record, and the principal contention of defendant here is that there must be a certificate of evidence or the decree must contain findings of

fact justifying the conclusion reached by the chancellor. There is no doubt of the correctness of that position, but the decree in this case contains findings of fact which support it. We deem it unnecessary to take the time to demonstrate this by referring to the findings of the decree which we have substantially set out in the former part of this opinion. We think the position of defendant is not sustained in alleging that the decree does not recite sufficient facts to sustain it. It is not necessary that the decree should set out the evidence where the case is heard in open court on oral and documentary testimony. (*Moore* v. *School Trustees*, 19 Ill. 83.) The recital of the ultimate facts is sufficient to sustain the decree. (*French* v. *French*, 302 Ill. 152; *Rybakowicz* v. *Rybakowicz*, 290 id. 550; *Cooley* v. *Scarlett*, 38 id. 316; *Ward* v. *Owens*, 12 id. 283.) We think the decree in this case is not subject to the attack made by defendant that it does not contain sufficient recitals to sustain it.

It is also contended by defendant that complainant was guilty of delay in bringing this suit, and as no excuse is alleged therefor in the bill she is barred by *laches*. It is contended that in such case, where the *laches* appears on the face of the bill, it is not necessary to set up that defense in the answer, and it is claimed the *laches* here appears on the face of the bill. The suit was brought promptly after complainant learned of her having been induced to sign a deed under the belief that she was signing a stipulation. There is another element in this case to be considered on the subject of *laches*, and that is that defendant was not misled to his injury in any way or placed in a worse position than if the bill had been filed at an earlier date. *Schultz* v. *O'Hearn*, 319 Ill. 244; *Turpin* v. *Dennis*, 139 id. 274.

No error has been urged by defendant which in our opinion would justify a reversal of the decree, and it is affirmed.

*Decree affirmed.*