The First National Bank of Chicago, Complainant, v. 10 West Elm Street Building Corporation et al., Defendants.
Appeal of 10 West Elm Street Building Corporation, Appellant, v. The First National Bank of Chicago, Appellee.

Gen. No. 37,772.

Opinion filed October 29, 1934.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, for appellant; VINCENT O'BRIEN and JOHN MERRILL BAKER, of counsel.

Sonnenschein, Berkson, Lautmann, Levinson & Morse, for appellee; David Levinson and Charles D. Satinover, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Defendant appeals from an interlocutory order appointing a receiver of its premises in a foreclosure proceeding.

The bill filed January 18, 1933, alleged that defendant borrowed $800,000, evidenced by a series of first mortgage bonds secured by a trust deed on an 18-story building containing apartments, office space and six stores; that interest and instalment of principal were due and unpaid and also taxes for 1929 and 1930, aggregating over $45,000. The trust deed pledged as security the real estate, building, rents, issues and profits thereof. The complainant, trustee, asked for the appointment of a receiver, which motion was continued from time to time.

The cause went to a decree, which found that there were defaults in payment of some of the bonds and interest coupons; that there were unpaid general taxes levied and assessed against the property, and that there was due on the bonds and coupons over $926,000. Subsequently, and before sale, the receiver was appointed, of which the defendant complains.

Counsel for the defendant argues with force against the validity of certain proceedings before a master in chancery touching the necessity of a receiver, to which complainant replies, admitting this invalidity.

Complainant stands on the record which is before us, which consists of the bill of complaint, defendant's answer thereto, complainant's application for the appointment of a receiver and the orders continuing this application and the decree of foreclosure and sale, which finds all the issues against the defendant, reserv-

ing jurisdiction to hear and determine the pending motion for the appointment of a receiver. The record also contains a petition of defendant subsequently filed, asking the chancellor to vacate the order appointing a receiver, which petition was denied. Complainant properly says that the appeal now before the court is only from the order appointing the receiver and not upon any action of the chancellor upon this petition to vacate the order.

Defendant says that, notwithstanding a deed of trust pledges the rents as part of the security, a receiver should not be appointed solely upon this fact; that evidence should be presented to the chancellor to justify the appointment of a receiver. The record before us recites that the motion for a receiver came on for hearing before the court, which heard the arguments of counsel and the evidence presented with respect to said motion, and the court found that the premises described are inadequate security for the payment of the bonds secured by the trust deed and that the premises are worth less than the mortgage indebtedness, and that it was necessary that a receiver be appointed to take charge and possession of the premises.

There is no certificate of evidence filed in this case. The only thing presented is the record and it must speak for itself. The order says that the court heard evidence at which counsel for defendant was present. As far as the record shows, no objection was made to the appointment. These findings of fact in the absence of anything in the record contradicting them are sufficient to sustain the appointment of a receiver. *Coleman v. Mulcahey,* 334 Ill. 64; *Anderson v. Anderson,* 339 Ill. 400; *Feyerabend v. Feyerabend,* 312 Ill. 559; *Szarowicz v. Szarowicz,* 338 Ill. 481; *Arnoldsville Bldg. & Loan Ass'n v. Dempsey,* 339 Ill. 304. The action of the chancellor will be presumed to be regular

unless the contrary is made to appear from the record. *Hopper v. Mather,* 104 Ill. App. 309.

Under the Civil Practice Act now in force, the burden of preserving the evidence is upon the person attacking the order or decree. Chap. 110, sec. 64 (subsec. 3) Illinois Statutes (Cahill) 1933, ¶ 192. Also, all matters before the trial court shall be certified by the judge. Chap. 110, sec. 74 (subsec. 2) Illinois Statutes (Cahill) 1933, ¶ 202. As we have said, there is no certificate of the judge in the present record.

If the order appealed from does not speak the truth it should have been corrected on motion.

We see no sufficient reason to disapprove the order, and it is affirmed.

*Order affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.