RICHARD McQUADY, d/b/a McQuady Real Estate Company, Plaintiff-Appellant, *v.* ALBERT L. MARTIN, Indiv. and as Ex'r of the Estate of Merle Wylie, Defendant-Appellee.

Third District   No. 76-488

Opinion filed April 29, 1977.

Michael P. Brinn, of Rock Island, for appellant.

Stuart R. Lefstein, of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Richard McQuady appeals from an order of the Circuit Court of Rock Island County finding against plaintiff in his action to recover a real estate commission from Albert L. Martin, as executor of the Merle Wylie estate, and Albert L. Martin, individually. In a bench trial, the court ruled that plaintiff was not entitled to recover such brokerage commission from defendant.

Defendant Albert L. Martin and decedent Merle Wylie each owned an undivided one-half interest as tenants in common in a farm in Illinois. After Merle Wylie died testate, defendant was appointed as executor of the estate of Merle Wylie.

On November 27, 1974, defendant Albert L. Martin, as executor of the Wylie estate, and individually, entered into a listing agreement with plaintiff Richard McQuady, a licensed real estate broker, for the sale of the entire interest in the farm. The listing provided for a selling price of $106,000 and for a commission at the rate of 5% of the selling price. The listing agreement was to expire on May 27, 1975. On January 9, 1975,

defendant Albert L. Martin and his wife made an offer to purchase the property, through the agency of plaintiff, for the sum of $106,000. This offer was expressly made "subject to the approval of the court." No sale of the property was consummated as a result of that offer, nor was there any court approval. As we have noted, plaintiff instituted action to recover a commission at the rate of 5% on the sum of $106,000. Following the bench trial on the merits, the trial court entered judgment in favor of defendants.

■■■ Plaintiff contends that his performance of the listing agreement was completed when the offer was made by defendant and his wife and that he is therefore entitled to his commission. Certain applicable principles are recited in *Fox v. Ryan* (1909), 240 Ill. 391, 396, 88 N.E. 974, where the court says:

> "Where a broker is employed to sell property by the owner, if he produces a purchaser within the time limited by his authority who is ready, willing and able to purchase the property upon the terms proposed by the seller he is entitled to his commissions, even though the seller refuses to perform the contract on his part. In such case, however, it is necessary for the broker to prove the readiness, willingness and ability of the purchaser to take the property on the terms proposed."

We note that the listing agreement apparently provided for the sale of defendant's undivided one-half interest, by defendant individually, and of the Wylie Estate's undivided one-half interest, by defendant as executor of the Wylie Estate. Defendant Martin contends that the agreement, with respect to the sale of the one-half interest owned by the Martins was clearly not one for a sale, since no sale would be made of an interest which was already owned by the Martins. The only property which the Martins sought to acquire was the undivided one-half interest in the Wylie estate. Defendant noted, and apparently the court found, that defendant was unable to purchase the property as listed with the plaintiff on the precedent of the Illinois Supreme Court case of *Schultz v. O'Hearn* (1925), 319 Ill. 244, 247, 149 N.E. 808, where the court holds:

> "An administrator may not purchase, directly or through the intervention of another, property belonging to the estate of which he is administrator, at his own sale as such administrator, though made at public auction under a judicial decree for full value and with honest intentions. Such a transaction the law deems fraudulent, for the reason that the interests of the buyer and seller in a contract of sale are opposed, that the administrator acts in a fiduciary relation in making the sale, and that he ought not to be exposed to this conflict of interest in selling as trustee for the estate and buying for himself. The rule is inflexible, and in many cases the

right of heirs by a bill in equity to have a sale by an administrator set aside where the administrator himself has been the purchaser has been sustained. [Citations.] Such a sale is not, however, void but only voidable. The heirs have their election to let the sale stand, or by taking appropriate action within a reasonable time to have it set aside."

■■ It is apparent, therefore, that pursuant to the offer by defendant and his wife, the sale of the undivided interest in the Wylie Estate would at least have been voidable by the beneficiaries of that estate. Apparently they did not desire to make such purchase since there was no sale completed. The offer was made expressly conditional upon approval by the court and was not an unconditional offer to purchase which was implemented when executed by the Martins.

The record does not show any performance of the condition or court approval. Plaintiff argues that defendant, having offered to purchase the property subject to court approval, was under a duty to seek court approval and should not be allowed to argue his inability to purchase the property as a defense to the action. It is apparent, however, that the very limitation which was incorporated in the condition, based on the precedent of *Schultz v. O'Hearn*, rendered the sale conditional and voidable unless appropriate approval is obtained.

On the basis of the record, therefore, we conclude that the trial court properly determined that no commission was payable to McQuady from the estate of Merle Wylie or Albert L. Martin, individually, under the facts and record in this cause.

For the reasons stated, therefore, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.