Mary Galinski and Morris Lauter, Appellants, v. Charles Adler et al., Defendants.
On Appeal of Ernest H. Claussen et al., Appellees.
Gen. No. 40,656.

Opinion filed December 13, 1939.

IRWIN J. KAPLAN, of Chicago, for appellants; PAUL FREEMAN, of Chicago, of counsel.

EDWARD J. WARREN, JOSEPH L. MACK, BULLINGER, MICHELS & DICUS, JOHN W. JEDLAN, BENJAMIN S. ADAMOWSKI, JOHN TAYLOR BOOZ, CASTLE, WILLIAMS & MCCARTHY, D'ANCONA, PFLAUM & KOHLSAAT, MAYER, MEYER, AUSTRIAN & PLATT, HAROLD L. REEVE, JOHN MANN, MARSHALL & MARSHALL, FREDERICK W. SNIDER, NOLAN H. TEPPER and JOHN F. VOIGT, all of Chicago, for appellees; FRANK MICHELS, of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

A claim was filed in the superior court for a discovery and accounting against several defendant banks and a corporation known as the Bancorporation and some hundreds of other defendants, wherein it was

alleged that the defendants, some of which are the stockholders of various banks, have surrendered their stock certificates and taken in exchange therefor certificates of stock of the Bancorporation. The stockholders of the United American Trust & Savings Bank were among those who were holding stock of the Bancorporation, so-called, and that they were the real owners of the stock, although it was carried in the name of the Bancorporation.

It appears from said claim that by this method the Bancorporation had obtained possession, control and management of a number of banks, and that this was done for the purpose of evading the extra stock liability under the constitution and statutes of the State of Illinois relating to added liability to stockholders of State banks; that this also was done to escape the inhibition against branch banking in this State. One set of officers practically managed the various banks. The defendants, who are quite numerous, made motions to dismiss and in so doing they admitted the truth of all allegations in the bill that are well pleaded and the legal inferences to be drawn therefrom.

The amended complaint contained the following:

". . . that the actual plan, intent and purpose of the organizers of said Bancorporation and of those parties who thereafter become stockholders thereof, including each and every of the defendants herein named, was to organize a bank stock holding company which would acquire, by exchange of shares of the capital stock thereof for shares of stock of various banks in the Chicago metropolitan area, a majority of shares of such banks and thereby to operate a group of unit banks or system of branch banks, all to be under the domination, control and direction of said Bancorporation; and it was the further purpose and intent of said organizers of said Bancorporation, and each and every of those parties who became stockholders thereof, including the defendants herein named, that the dividends earned by each such banking institution com-

prising said group of banks or system of branch banks, to the extent of the shares thereof held by the Bancorporation, should be paid and delivered to the stockholders of Bancorporation in proportion to their several holdings of shares of stock of Bancorporation, and it was also the purpose and intent of said parties that all other of the benefits and advantages of ownership of stock in such banking institutions should accrue to the holders of the stock of Bancorporation, without any of the obligations and burdens of such ownership, including the superadded, contingent liability to the respective creditors of such unit banks in the event of insolvency, all contrary to the letter, meaning, spirit and intent of the laws of the United States of America and of the State of Illinois.''

Plaintiffs' theory of the case is that the amended complaint sets forth a sufficient cause of action against the shareholders of Bancorporation and that the trial court erred in sustaining defendants' motions to dismiss, and dismissing plaintiffs' amended complaint for want of equity, at plaintiffs' cost, and that the said orders should be reversed and remanded with directions to the trial court to expunge said orders and to require said defendants to answer plaintiffs' amended complaint.

It is defendants' theory that the pendency of a prior class suit was a bar to this action; that this is the individual appeal of two plaintiffs and not a representative appeal on behalf of the other creditors of the United American Trust & Savings Bank; that the amended complaint does not allege facts which would entitle the court to disregard the corporate entity of Bancorporation and to treat its stockholders as owners of the bank stocks; that it does not appear that the 1,430 defendants who were not originally shareholders of United American Trust & Savings Bank were anything other than ordinary stockholders of National Republic Bancorporation, a *de jure* corporation; that if the officers and directors of Bancorporation illegally conducted its

affairs, it would not subject its stockholders to a liability because of such acts; that the amended complaint does not set up sufficient facts to support plaintiffs' cause of action; that if the acquisition and ownership of bank stocks by Bancorporation was illegal, as is contended by plaintiffs, then such stocks were never validly acquired by Bancorporation so as to render either it or its stockholders liable as owners of such bank stocks and that the amended complaint attempts to make a collateral attack upon Bancorporation.

On the motion to dismiss it is claimed that sufficient facts are not alleged to sustain the stockholders' liability. It must be remembered that the complaint filed was for a discovery and accounting. The basic reason for filing a complaint asking for a discovery and accounting, is that the complainant lacks certain knowledge and in developing the facts he may be able to obtain or discover necessary facts and information which he does not possess.

In *Ohio Valley Nat. Bank v. Hulitt*, 204 U. S. 162, with regard to a policy of the United States government, which would be applicable to a State case, such as the one under consideration, that court at page 168 said:

"Assuming then the established doctrine to be that the mere pledgee of national bank stock cannot be held liable as a shareholder so long as the shares are not registered in his name, although an irresponsible person has been selected as the registered shareholder, we deem it equally settled, both from the terms of the statute attaching the liability and the decisions which have construed the act, that the real owner of the shares may be held responsible, although in fact the shares are not registered in his name. As to such owner the law looks through subterfuges and apparent ownerships and fastens the liability upon the shareholder to whom the shares really belong."

It is quite apparent from a reading of this bill that certain defendants herein made an endeavor to conceal

or cover up their liability to the complainants. To dismiss the complaint at this time would prevent plaintiffs from investigating in an endeavor to discover what had happened to their deposits. Courts should assist and encourage rather than discourage the necessary procedure to bring to light an alleged wrong.

We think the bill of complaint states a cause of action. The motions to dismiss in some instances recite facts *dehors* the record which can only be set up in an answer or pleading other than a motion to strike. If the facts are true, and we must assume they are for the purposes of the motion to dismiss which was made in this case, then a court of equity is the proper tribunal before whom the creditors of this bank should be permitted to prove what they allege in their complaint.

It is well to remember that ch. 110, par. 166, sec. 42, subsec. (2), Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 110.042], provides:

"(2) No pleading shall be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet."

We think it unnecessary to discuss in detail all the questions which are raised by the various counsel in their respective motions to dismiss, as many of the questions are repetitious and have been passed upon time and again by our courts. Such motions to dismiss are equivalent to demurrers. Suffice it to say that a perusal of this bill shows that it is sufficient to require an answer to be filed thereto, so that the facts concerning the allegations may be developed and we think the court erred in dismissing the bill of complaint.

For the reasons herein given the order of the superior court is reversed and the cause is remanded with directions to enter an order on defendants to answer the bill.

*Order reversed and cause remanded with directions.*

HEBEL, J., concurs, BURKE, J. took no part.