(No. 24029.— )

REUBEN WALTER DAVISON, Appellee, *vs.* FREDERICK J. SIMATER *et al.*—(MARGARET HEINRICHS *et al.* Appellants.)

*Opinion filed April 16, 1937.*

GEORGE H. RILEY, guardian *ad litem,* for appellants.

EDWARD F. RIELY, for appellee Reuben Walter Davison; ARTHUR H. SHAY, for Frederick J. Simater.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This appeal is from a decree of the circuit court of Woodford county awarding specific performance of a contract for the sale of the northeast quarter of section twelve (12) in township twenty-eight (28) north, of range one (1) west of the third principal meridian, except two and one-half acres in the northwest corner thereof.

By his will, Adelbert H. Davison, who died September 27, 1927, devised the north half of the above described tract to his son, Reuben Walter Davison, for his natural life, with the remainder over to the heirs of his body, and if he had no such bodily heirs, then to the heirs of the testator. He also devised the south half of the tract to his daughter, Lela Davison Heinrichs, for life, with similar remainders. Reuben Walter Davison was named as ex-

ecutor and qualified as such. There was a deficiency in personal property to pay the debts of the testator and the county court ordered all the above described land sold to pay debts. No irregularity is suggested in those proceedings. The sale was had on April 21, 1932, and J. W. Van Doren, a director of the Minonk State Bank, acting for it, bid in the land for $12,600. The purchase price was paid and the executor made a report of sale which was approved on May 18, 1932. On May 23, 1932, the executor delivered a deed conveying the land to Van Doren. When Davison delivered the deed he had a conversation with the president of the bank, John C. Danforth, in which Davison suggested that he would have been interested in buying the land himself, had he been able to finance its purchase. Danforth told him that the bank was in the business of lending money and not that of buying land, and suggested that he might arrange for Davison to buy the land. The bank had a claim of approximately $13,000, and Davison had a claim for $3200, against the Adelbert H. Davison estate. Davison had no knowledge that anyone connected with the bank would bid at the sale. Davison's first conversation with reference to the land with anyone connected with the bank was had after the sale. On May 25, 1932, Davison bought the land and received a warranty deed from Van Doren and wife. He gave a trust deed securing a note for $16,000, to Danforth as trustee; released his own claim against his father's estate; paid the costs of administration, attorneys' fees and the claim of the bank, and the estate was closed. He has since paid $250 on the principal debt and has paid the interest on the $16,000 mortgage indebtedness to June 1, 1935.

On July 6, 1935, he made a sale contract with Frederick J. Simater. The price to be paid was $18,850. Simater was to pay $2850 and assume the mortgage indebtedness and pay the interest thereon from June 1, 1935. Davison was to furnish an abstract showing merchantable title to

the land in himself. He delivered the abstract but Simater's attorney objected to the title. He claimed that Davison's purchase from Van Doren and wife on May 25, 1932, two days after the executor's deed to Van Doren was delivered, raised a question whether J. W. Van Doren was a *bona fide* purchaser of the property at the executor's sale, or merely a by-bidder for Davison. Simater refused to perform the contract and Davison filed his suit making Simater, the bank, and the remaining descendants of Adelbert H. Davison, defendants. A guardian *ad litem* filed an answer for the minor defendants praying strict proof. The Minonk State Bank filed its answer admitting the allegations of the complaint. The defendant Simater filed his answer stating that he did not have sufficient information to form a belief as to whether title to the premises covered by the contract was merchantable, since it appeared that Reuben Walter Davison might have acquired title by a device which, in fact, would constitute him a purchaser at his own sale as executor; that because of this condition in the title he had declined to perform the contract and pay the balance of the purchase price. The only testimony in the case was that introduced on behalf of the appellee, Davison. The court rendered a decree for specific performance of the contract, from which the minor defendants have appealed.

It is the single contention of appellants that Davison's purchase of this land on May 25, 1932, from Van Doren, who held title for the Minonk State Bank, two days after Davison had delivered his deed as executor to Van Doren, is conclusive evidence of fraud. However, in *Abernathie* v. *Rich,* 256 Ill. 166, and *Mancinelli* v. *Bartolo,* 268 id. 198, we held that where the evidence shows that the buyer at an administrator or executor's sale, paid the amount of his bid and there was no collusion or understanding about the purchase of the land, between him and the executor, the sale cannot be decreed to have been made to the executor or administrator and not to the actual purchaser, although

the purchaser had later conveyed to the administrator or executor in his personal capacity. It is incumbent on the parties who seek to avoid the sale, in such a case as this, to show that the third party through whom the purchase is made was, in fact, but a nominal purchaser and that he was acting for the administrator or executor. If an administrator or executor does purchase at his own sale through the intervention of a by-bidder, the sale is fraudulent *per se,* but that rule simply means that the purchase by an administrator or executor through such intervention, is the same as a purchase made directly by the administrator or executor in his own name. (*Mancinelli* v. *Bartolo, supra.*) These decisions are controlling and the chancellor committed no error in rendering a decree for specific performance of the contract of sale, in the absence of any evidence except the circumstance that Davison bought this land from Van Doren so shortly after the latter had received the deed thereto.

Appellants rely on our decision in *Miller* v. *Rich,* 204 Ill. 444, but that case is totally different from the case before us. There the purchaser was the administrator's son. The father furnished the purchase money and shortly thereafter the son deeded the land to his mother who gave him her note in payment. Soon thereafter the mother deeded to the father in exchange for the note she had given the son.

They also rely on the case of *Schultz* v. *O'Hearn,* 319 Ill. 244, where the administratrix pretended to sell land to her son for a purported consideration of $3250, but no part of the consideration was ever paid. The son executed a warranty deed for the same consideration to her, in her individual capacity, on the same day that the report of sale had been approved and the administratrix had executed her deed of sale. This case is likewise not in point.

Appellants also cite such cases as *Elting* v. *First National Bank,* 173 Ill. 368, and *Roberts* v. *Weimer,* 227 id. 138, but those cases also contained evidence showing

that the administrator or executor was the real vendee at his own sale.

Since there is nothing by way of proof that Davison was in any way interested as a buyer at the sale to pay debts, and all that is pointed to by appellees is the fact of his purchase from Van Doren as above set out, the decree of the circuit court of Woodford county must be affirmed.

*Decree affirmed.*