**Agnes D. Shaw, Individually and Administratrix of Estate of Arthur F. Shaw, Jr., Deceased et al., Appellants, v. Charles W. Weisz et al., Appellees.**

**Gen. No. 44,713.**

Opinion filed February 21, 1950. Rehearing denied March 13, 1950. Released for publication March 15, 1950.

BELL, BOYD, MARSHALL & LLOYD, of Chicago, for appellants; KENNETH MCCRACKEN and THOMAS R. MC-MILLEN, both of Chicago, of counsel.

LORD, BISSELL & KADYK, of Chicago, for appellees; CURT H. G. HEINFELDEN and JOHN L. DAVIDSON, both of Chicago, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

The administratrix and heirs of Arthur F. Shaw, Jr., the deceased beneficiary of a trust, brought suit for discovery of facts concerning his interest in the trust and for distribution of the trust estate. After continued efforts to obtain, before trial, the disclosure of facts to which they claim to be entitled, the matter was reached for hearing before the master to whom it had been referred, upon the merits as to whether plaintiffs were entitled to receive distribution of the trust estate; and upon their statement that they were unable to proceed because, as they claimed, discovery of material facts had been denied them, the master in his report recommended the dismissal of the suit. The chancellor, following the master's recommendations, entered a decree dismissing the suit with prejudice, from which plaintiffs appeal.

For a full understanding of the nature of the case a summary of the pleadings is essential. The complaint alleges that Arthur F. Shaw, Sr., as settlor, by a trust agreement dated December 12, 1923, created a trust of 90 shares of the capital stock of A. F. Shaw & Company, an Illinois corporation, engaged in the insurance business. His brother, George Shaw, was originally made the sole trustee. By the terms of the trust instrument the settlor recited that he was in failing health; that Charles W. Weisz, who was long associated with him in the conduct of A. F. Shaw & Company, was well able and competent to carry on said business in the same manner as theretofore in the event of the death or inability of the settlor; that he desired to have Weisz remain connected with the business in

633

an executive capacity; and that he wished the trustee to vote the stock of A. F. Shaw & Company, held in trust, to insure the retention of Weisz in an executive capacity with the company "so long as he shall be a good and efficient employe." By further terms of the trust the income was payable to the settlor for life, and after his death to Weisz "as long as said Charles W. Weisz shall be in the employ of said Company as President, or other executive, and performing the duties in connection with said office." Upon Weisz's ceasing to be president or other executive of the company and performing the duties in connection with such office, the income was payable to Arthur F. Shaw, Jr., the settlor's son, until he should reach the age of 40 years, and thereupon the trust was to terminate and the principal was to be distributed to Arthur F. Shaw, Jr. If both the settlor and Arthur F. Shaw, Jr., were dead when Weisz ceased to be president or other executive of the company and acting in that capacity, the principal of the trust was to be distributed equally to Edward L. Miller and Edward Summer, employees of the company, or to that one of them remaining in the employ of the company, should only one so remain; or should neither of them be in the employ of the company, the principal of the trust was to be distributed to the settlor's heirs at law. The trust agreement also provided that upon the settlor's death Weisz should become a cotrustee with George Shaw, and that he should cease to be such cotrustee if he ceased to be president or other executive of the company and to perform the duties in connection with said office.

The settlor died January 30, 1926, and thereupon Weisz, who was then vice-president of the company, became a cotrustee and the income beneficiary of the trust. The heirs of the settlor are parties to this suit, but none of them, except plaintiffs, have taken any active part in the case. George Shaw is still a trustee,

but is more than 80 years old and a resident of California, and the complaint alleges that for many years he has given no attention to the affairs of the company nor to the administration of the trust, but has relinquished to Weisz all control in connection with the 90 shares of stock held in the trust.

It is alleged, on information and belief, that about November 21, 1944, Weisz, who was then president of the company, became incapacitated and unable to perform the duties of president, and that from then and continuing after the death of Arthur F. Shaw, Jr., on August 7, 1945, Weisz ceased performing the duties of the office of president or of any other executive of said company; that since Arthur F. Shaw, Jr., died intestate at the age of 49, his heirs at law became entitled upon his death to such interest in the trust as he had acquired prior to his death; that because Weisz ceased performing the duties in connection with the office of president or any other executive of the company on or about November 21, 1944, the trust under the terms of the agreement terminated, and that Arthur F. Shaw, Jr., became entitled in his lifetime to receive distribution of said 90 shares of stock constituting the trust estate; that no such distribution was made, however, but said 90 shares of stock still stand on the books of the company in the names of the trustees; that Weisz still claims to be a trustee as well as a life beneficiary of the trust, and he and George Shaw refuse to recognize the estate of Arthur F. Shaw, Jr., or his heirs as beneficially entitled to any part of the trust estate.

It is further alleged that Weisz as beneficiary of the trust had an adverse interest to that of Arthur F. Shaw, Jr., and to that of the plaintiffs; that he concealed from Arthur F. Shaw, Jr., the nature of the breakdown which he (Weisz) suffered on or about November 21, 1944, and other facts in connection with

his illness; that Weisz likewise is concealing from plaintiffs the facts concerning his duties and services as an executive of A. F. Shaw & Company after November 21, 1944; that since the death of Arthur F. Shaw, Jr., the company has been under the control of Miller and Summer, who were officers and directors and who themselves would become entitled as beneficiaries to distribution of the 90 shares of stock if still employed by the company upon termination of the trust, provided the trust did not terminate before the death of Arthur F. Shaw, Jr., and that because of this adverse interest of all the officers and directors in the control of the company, they have refused to disclose to plaintiffs the facts which they seek concerning Weisz's illness and the performance of his duties as an executive of the company.

Miller, Summer and Weisz are alleged to have conspired with each other to conceal the fact that Weisz was continually absent from the place of business after November 21, 1944, and that from that time he ceased to perform the duties in connection with the office of president.

In an amendment and supplement to the complaint, plaintiffs allege that it is the fiduciary duty of Weisz to make the full disclosure to them of facts which they are seeking, including the duties performed by him for A. F. Shaw & Company; that it is likewise Weisz's fiduciary duty to grant permission to all doctors, psychiatrists and nurses who have treated, examined or attended him, and also to the hospitals and sanitariums at which he was a patient, since November 21, 1944, and during the one-year period before that date, to make available to plaintiffs all records, files and information within their knowledge or control concerning Weisz's physical or mental condition during said time; that they have requested Weisz to make this disclosure of facts and to grant such permission, and

636

that the doctors, psychiatrists, etc. will not make the disclosures sought by plaintiffs without his permission.

All the defendants answered the complaint, but the only ones who have answered at length or taken an active part in this proceeding are Weisz, Summer, George Shaw and Miller. Edward Miller died May 3, 1947, and the Northern Trust Company as his executor was thereafter substituted for him as a party defendant. In substance the answer of these defendants admitted the creation and continuance of the trust and its provisions as alleged in the complaint, to which a copy was attached, but denied that Weisz ever ceased to perform his duties in connection with the office of president; that the trust is terminated; and that Arthur F. Shaw, Jr., became entitled in his lifetime to receive distribution of any of the 90 shares of stock constituting the trust estate. They also denied that Weisz failed to disclose to Alfred H. Shaw, Jr., any material facts concerning the possible termination of the trust, as well as that any facts occurred which would cause the trust to terminate; they denied any duty on the part of Weisz to make the disclosure of facts which plaintiffs seek to discover, and thus place in issue the material facts alleged in the complaint concerning the failure of Weisz to perform the duties of president or any other executive of the company, either by reason of illness or otherwise; they also deny that any fiduciary relationship exists between Weisz and plaintiffs, or that Weisz is under any duty to plaintiffs.

The ultimate question to be determined in this case is whether under the construction of the trust agreement, the alleged failure of Weisz to perform his duties for the company to the extent and for the length of time established by the evidence, constituted such a failure as to cause the termination of the trust before the death of Arthur F. Shaw, Jr., and plaintiffs have

steadfastly insisted that this question cannot be decided until the court has before it the material facts which are known to defendants, and to which plaintiffs claim they are entitled by discovery before trial in aid of their suit on the merits. Accordingly, they sought by written interrogatories, by oral depositions, by subpoenas *duces tecum* and by motions before the chancellor, to obtain these material facts. In the various steps taken they relied not only on their rights as beneficiaries against trustees, but also on rights conferred by statute and court rules (Illinois Supreme Court Rule 19, subpar. (1) [Ill. Ŕev. Stat. 1947, ch. 110, par. 259.19, subpar. (1); Jones Ill. Stats. Ann. 105.19, subpar. (1)]; Ill. Rev. Stat. 1947, ch. 51, pars. 3, 9 and 36 [Jones Ill. Stats. Ann. 107.069, 107.074, 107.101]; and ch. 110, par. 182, sec. 58, subpar. (2) [Jones Ill. Stats. Ann. 104.058, subpar. (2)]) on parties in obtaining a pretrial discovery of material facts necessary for a determination of the ultimate issues in the case. Through defendants' admissions in their pleadings and as the result of rulings of the court requiring defendants to answer some of the questions propounded, plaintiffs were able to obtain limited discovery as to Weisz's periodical absences from his office because of illness, but information as to the nature and extent of his illness and whether, by reason thereof, he was able to and did in fact continue to perfom his duties in connection with his office, was not made available to plaintiffs.

Either in defendants' answer to the complaint or in their affirmative defenses or in Weisz's response to written interrogatories propounded to him by plaintiffs or in their answer to the ancillary petitions by which discovery was sought, defendants admitted that the trust was created as alleged; that upon the death of the settlor, Weisz became cotrustee and the income beneficiary of the trust; that George Shaw is still a

trustee, more than 80 years of age and a resident of California; that Arthur F. Shaw, Jr., was 49 years old when he died on August 7, 1945; that Weisz, Miller and Summer controlled A. F. Shaw & Company after Arthur F. Shaw, Jr.'s death; that Weisz became ill in November 1944 and was in poor health from that time to February 1945; that he suffered a slight relapse in the middle of the summer of 1945, and was ill until the early part of September 1945; that on the advice of his physician he spent about a month in Oconomowoc, Wisconsin, in October of that year, and continued to spend a large amount of his time there until August 28, 1946; that Weisz was away from the office of A. F. Shaw & Company and either in St. Luke's Hospital, Chicago, in his home, or at Rogers Memorial Sanitarium, near Oconomowoc, during the following periods: November 21, 1944 to February 10, 1945; July 30 to September 6, 1945; October 2 to October 30, 1945; December 24, 1945 to January 26, 1946; January 26 to August 28, 1946, "with the exception of weekends and two full weeks during July and August, 1946"; that when Weisz was in St. Luke's Hospital between November 21, 1944 and February 10, 1945, he received electric treatments on approximately four occasions, which may have been known as "shock therapy," and during the period from February 10, 1945 to August 7, 1945, he received on approximately four occasions like treatments; that while at Rogers Memorial Sanitarium from October 2 to October 30, 1945, and again from January 26 to August 28, 1946, he received such electric treatments on about sixteen different occasions.

██ Defendants say that the illness which kept Weisz away from the office of A. F. Shaw & Company during these periods of varying length "was a temporary illness," and that "the fair inference is that [he] was at the office . . . and was President of said Com-

pany and performing the duties of President . . . at all times except when he was ill . . . ." Where material facts are available, legal questions are not to be determined by inferences. Plaintiffs sought to discover the nature and extent of Weisz's illness for the purpose of presenting *facts* from which the court could properly determine whether, during these periods, he was "performing the duties in connection with said office" and was "a good and efficient employe"; but in five separate orders the court ruled that neither Weisz nor certain professional witnesses, including doctors, psychiatrists and nurses, should be required to answer questions propounded by plaintiffs as to the nature and extent of Weisz's illness, his physical or mental condition, the treatment administered to him (aside from so-called shock therapy), and that the hospitals and sanitariums where he was treated should not be required to produce any records, files or information within their knowledge or control concerning his physical or mental condition while in their care, unless Weisz gave his permission thereto. Whether or not he was performing the duties of his office during those periods, and whether he was physically and mentally able to do so, are material questions of fact that should be made available to plaintiffs before trial and to the court upon hearing of the merits of the case for the purpose of enabling the court to determine the ultimate issue; and since the complaint asked for discovery of facts and relief, they were entitled to a hearing on the discovery issue alone before being required to go to trial on the entire case (*Brandenburg v. Buda Co.*, 299 Ill. 133), even though the hearing on the discovery issues would involve facts going to the ultimate relief.

■ Plaintiffs' allegation as to Weisz's illness beginning November 21, 1944 and continuing through what they designate as the "critical period" from February 10 to July 30, 1945, would have required them to prove on trial of the entire case that he failed

or was unable to perform his duties for A. F. Shaw & Company during his illness. The amendment and supplement to the complaint sought discovery of details concerning the duties performed by Weisz, both before and after he became ill. It is admitted that he was ill and performed no duties from November 21, 1944 to February 10, 1945 and from July 30, 1945 to September 6, 1945, as well as during much of the succeeding year. Plaintiffs allege that he performed no duties during the so-called "critical period," whereas defendants say that the illness which kept him away from the office "was a temporary illness" and that "the fair inference is that [he] was at the office of A. F. Shaw & Company, and was President of said Company and performing the duties of President . . . at all times except when he was ill . . . (during the admitted periods of his absence). It thus appears to be a sharply contested question as to what duties, if any, Weisz performed for the company during the "critical period" of his illness. In fact, it is the decisive question in the case, and plaintiffs are entitled to discovery of the facts concerning his alleged nonperformance. After these facts have been disclosed, the ultimate question will be, not whether Weisz's illness was temporary, but whether his illness resulted in such a failure to perform his duties during the lifetime of Arthur F. Shaw, Jr., as to terminate the trust.

 As a basis for the discovery sought, plaintiffs contend that Weisz is under a fiduciary duty to make a full disclosure of all facts within his knowledge or control, which are material for a determination of whether the trust terminated during the life of Arthur F. Shaw, Jr. Defendants say that this issue is "decisive of the whole case," but their counsel argue that plaintiffs have no interest in the trust fund unless Weisz's beneficial interest therein was in some manner extinguished before August 7, 1945; in other words, unless plaintiffs first establish that they are entitled

to distribution of the trust property) Arthur F. Shaw, Jr., son of the settlor, was named as a beneficiary of the trust, and during his lifetime he would, of course, have had the right to ascertain from Weisz, the trustee, whether the time for the distribution of the trust had arrived. Their relationship was fiduciary, and defendants admit in their answer that Weisz owed a fiduciary duty to Shaw, Jr. It would seem to follow that plaintiffs, standing in the shoes of Arthur F. Shaw, Jr., as his administratrix and heirs, are entitled to the same right. It is a fundamental rule of trusts that a beneficiary has the right to all information about the trust for which he has any reasonable use, including its present status. *People v. Central Republic Trust Co.*, 300 Ill. App. 297; Bogert, Trusts and Trustees, secs. 861, 961. It is also the rule that a trustee owes the same fiduciary duty to a contingent beneficiary as to one with a vested interest in so far as necessary for the protection of the contingent beneficiary's rights in the trust property. Restatement of the Law of Trusts, sec. 214 (1) and comment a; *Grodsky v. Sipe*, 30 F. Supp. 656.

A complaint in equity for discovery and relief is a well recognized proceeding. Discovery is incidental to equitable relief, and its purpose is to enable the plaintiff to obtain information and prepare his cause for trial on the ultimate issues. *Galinski v. Adler*, 302 Ill. App. 474; *Village of Brookfield v. Pentis*, 101 F. (2d) 516. Plaintiffs say they have no quarrel with the contention that only matters relevant to the issues of a case can be properly inquired into. We are satisfied that the discovery sought in this proceeding is relevant to and within the scope of the pleadings, and that the information which plaintiffs seek to obtain is essential to a trial on the ultimate issue.

Various reasons are assigned by defendants for affirmance of the decree. It is urged that plaintiffs

are attempting to cause a forfeiture of Weisz's interest under the trust agreement. Weisz is a trustee as well as the income beneficiary. He has no interest in the principal of the trust estate which could be forfeited, and he is not and does not claim to be a remainderman.

 Defendants also argue that Weisz is merely a witness in this case in so far as the interests of Summer and Miller are concerned. Assuming this to be true, it would not afford ground for denying the discovery sought. Weisz is, in addition to being a witness, vitally interested in the outcome of this case, a distinction clearly recognized in *Moore v. Backus,* 78 F. (2d) 571. The court there said: ''Where a bill in equity is instituted in aid of legal action, a person who has no interest in the subject matter of the suit, and against whom no relief is sought, cannot as a general rule properly be made a party defendant for the purpose of discovery. The reason for these rules is that persons not parties to the action may be examined in the trial of the action at law as witnesses. See 20 Ann. Cas. 906–910.'' Nor is it true that pretrial discovery can be employed only against parties who have exclusive possession of the facts sought (see Rule 19 of the Supreme Court of Illinois and Section 58 of the Civil Practice Act), and where a beneficiary seeks a disclosure of facts from a trustee, it is unnecessary to allege that no one else, except the trustee, knows the facts.

 Lastly it is argued that the order of deciding pretrial discovery questions and matters arising during the hearing of the case, is solely within the discretion of the court. Plaintiffs complain because the chancellor, by failing to determine the preliminary question whether Weisz owed a fiduciary duty of disclosure to plaintiffs, seriously prejudiced their ability to prepare for trial, and necessarily restricted the amount of information which plaintiffs could obtain.

Specifically they say that because Weisz concealed the facts necessary to prove the termination of the trust as alleged in the complaint, and because the court refused to compel him to divulge the information he had, plaintiffs were unable to prepare for trial on the ultimate issue. We hold with this contention. The preliminary question should have been determined without prejudice to the ultimate question.

 Rule 19 of the Supreme Court of Illinois and section 58 of the Civil Practice Act (Ill. Rev. Stat. 1947, ch. 110) authorize the fullest possible discovery consistent with individual rights and privileges, and unless a positive rule of law forbids a particular discovery, it should be granted. In the recent case of *Hickman v. Taylor*, 329 U. S. 495, the court, referring to similar rules in the Federal courts, said that "the deposition-discovery rules are to be accorded a broad and liberal treatment. . . . Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise."

Without intending to express any views as to how the ultimate question should be decided, we are of opinion that the court erred in refusing plaintiffs full disclosure by defendants of facts material to the issue involved. Accordingly, the decree of the circuit court is reversed and the cause remanded with directions that plaintiffs be allowed to proceed in accordance with the views herein expressed.

*Decree reversed and cause remanded with directions.*

SCANLAN, J., concurs.

SCHWARTZ, J., took no part in the consideration or discussion of this case.