SONDA HELENE EISEMAN *et al.*, Plaintiffs-Appellants, *v.* JACKLYN LERNER *et al.*, Defendants-Appellees.

First District (4th Division)   No. 76-1364

Opinion filed September 7, 1978.

Allen C. Engerman and Barry A. Erlich, both of Solomon, Rosenfeld, Elliott, Stiefel & Engerman, of Chicago, for appellants.

Edward L. S. Arkema, of Chicago (Harry G. Fins, of counsel), for appellees.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

This action was brought in the chancery division of the Circuit Court of Cook County to impose a constructive trust and for certain other relief regarding the personal property of decedent, Rivian Eiseman. The cause was transferred to the probate division where plaintiffs' motion for discovery was denied and the complaint was dismissed for failure to state a claim upon which relief could be granted. The order of dismissal is being appealed.

Rivian Eiseman died intestate on January 6, 1967. At the time of her death, she was divorced from Harvey Eiseman and left surviving her four minor children, plaintiffs-appellants, Sonda Helene, born November 8, 1951; Bruce Ira, born February 10, 1953; Robert Elliott, born July 5, 1956;

and Gail Terri, born November 23, 1958. When decedent's estate was opened in the probate division, defendants-appellees, Jacklyn Lerner and Samuel J. DeCarl were appointed co-administrators of the estate by the court. Defendant Lerner is plaintiffs' aunt. On September 9, 1969, a final account was approved and a final order was entered closing the estate.

In their complaint, filed June 12, 1975, plaintiffs alleged that defendants failed to include 20 of the 88 items listed in the inventory and failed to account for 38 of the 68 items in the final account. Moreover, plaintiffs alleged that defendants' final account discloses that certain jewelry totaling 6 of the 30 items listed in the final account were purchased by defendant Lerner. Plaintiffs prayed for (1) the imposition of a constructive trust upon the personal property of the estate, (2) an injunction enjoining defendants from transferring possession of or disposing of said property, (3) an accounting of the property, (4) delivery of the property to the plaintiffs, and (5) a judgment against defendants for punitive damages.

The questions for review are (1) whether the trial court erred in granting defendants' motion to transfer this cause to the probate division of the circuit court, (2) whether plaintiffs should have been allowed discovery, (3) whether plaintiffs' action was barred by laches, and (4) whether the trial court erred in granting defendants' motion to strike and dismiss plaintiffs' complaint.

Plaintiffs contend that the trial court erred in granting defendants' motion to transfer this cause to the probate division of the circuit court. This contention is based on plaintiffs' argument that only a court of chancery can compel the imposition of a constructive trust and order an injunction and accounting as requested in their complaint. We disagree.

■ The 1970 Illinois Constitution provides that "Circuit Courts shall have original jurisdiction of all justiciable matters * * *." (Ill. Const. 1970, art. VI, §9.) The authority of the probate division of circuit courts to impose trusts (*In re Estate of Tarr* (1976), 37 Ill. App. 3d 915, 917, 347 N.E.2d 69, 70) and order accountings has been settled in Illinois. (*People ex rel. Dahm v. Corcoran* (1968), 39 Ill. 2d 233, 237, 234 N.E.2d 794, 796; *In re Estate of Garrett* (1967), 81 Ill. App. 2d 141, 150, 224 N.E.2d 654, 659.) Here, the probate division was competent to fashion an adequate remedy. The trial court did not err in transferring this cause to the probate division of the circuit court.

■■ Plaintiffs were denied discovery upon defendants' oral request that discovery be stayed. Plaintiffs argue that they should have been allowed discovery according to *Shaw v. Weisz* (1950), 339 Ill. App. 630, 91 N.E.2d 81. In *Shaw*, the ultimate issue for determination in a suit brought by a deceased beneficiary's heirs was whether under the trust agreement the co-trustee failed to perform his duties under the trust agreement. The court held that the heirs were entitled to pretrial discovery of facts

concerning the co-trustee's alleged nonperformance. (*Shaw*, at 641.) Here, the plaintiffs' complaint questions the performance of defendants, the co-administrators of decedent's estate. The fiduciary relationship present in *Shaw* between the co-trustee and the heirs to the beneficiary of the trust can be likened to the relationship between the co-administrators and the heirs in the instant case. We hold that plaintiffs should have been allowed discovery.

■ Defendants argue that plaintiffs' action was barred by laches because the complaint was not filed until almost 6 years after the estate was closed, and plaintiffs did not state a reason for the delay. Defendants further argue that a guardian ad litem represented plaintiffs during the probate proceedings so the judgment should be binding and *res judicata* as to the plaintiffs for all purposes. The probate record shows that when the complaint was filed the youngest plaintiff, Gail Terri, was still a 16-year-old minor. Another plaintiff, Robert Elliott, was 18 years and 11 months old. *In re Estate of Sheehan* (1937), 290 Ill. App. 551, 554-55, 9 N.E.2d 63, 65, answers defendants' argument precisely by holding that a minor's claim is not barred by limitations until 2 years after obtaining majority, even though a guardian ad litem has been appointed. (See also *Stanczyk v. Keefe* (7th Cir. 1967), 384 F.2d 707; *Desiron v. Peloza* (1941), 308 Ill. App. 582, 32 N.E.2d 316.) In *Stanczyk*, the court held that "Under Illinois law the minor's right of action lives until two years after he attains his majority, and he may assert it at any time during that period." (*Stanczyk*, at 708.) The statutory basis for this exception for minors can be found in section 21 of the limitations statute (Ill. Rev. Stat. 1965, ch. 83, par. 22). Therefore, two of the plaintiffs still had the right to bring an action against defendants when the complaint was filed in the case at bar, since one plaintiff was a minor and another had reached majority only a year earlier.

The trial court granted defendants' motion to strike and dismiss plaintiffs' complaint. In their motion, defendants contended that plaintiffs' complaint did not state facts sufficient to entitle them to the relief requested, in that no facts as to fraud or undue influence were alleged. Plaintiffs' complaint alleged, in substance, that defendants wrongfully and maliciously converted and took possession of personal property of decedent's estate. It alleged that defendants wilfully failed to properly account for some of the personal property when the inventory and final account were filed. It alleged that as sole heirs at law plaintiffs are entitled to sole and exclusive possession of the personal property. It alleged that at the time of probate plaintiffs were all minors and that one of the defendants is plaintiffs' aunt. It further alleged that the defendant who is plaintiffs' aunt fraudulently purchased some of the items in question. Plaintiffs prayed for the imposition of a constructive trust with regard to the personal property.

■ A constructive trust arises by operation of law from circumstances

which stamp the conduct of a person unfair or wrongful and permit him to take advantage of another. (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 493, 147 N.E.2d 69, 72.) A constructive trust must, generally, be based upon either actual fraud, or upon a confidential or fiduciary relationship and a subsequent abuse of confidence reposed sufficient to warrant the imposition of a trust. (*Cunningham v. Cunningham* (1960), 20 Ill. 2d 500, 504, 170 N.E.2d 547, 550; *First National Bank v. Dierking* (1967), 87 Ill. App. 2d 4, 9-10, 230 N.E.2d 520, 523.) In determining whether a confidential or fiduciary relationship exists in order to establish a basis for raising a constructive trust, two of the factors to be taken into consideration are degree of kinship and disparity in age. (*Cunningham,* at 504.) It has been held in Illinois that an administrator cannot use personal property from an estate he administers for his personal gain. *Russell v. Bulliner* (1938), 370 Ill. 260, 263, 18 N.E.2d 879, 880.

> "The administrator's authority over personal property extends only to the use of it in payment of debts and claims, and when all such indebtedness is paid, together with the costs of administration, the title to the remaining personal property and money is in the heirs of the intestate * * *." *Russell,* at 263.

The record shows that Leo Pochter, the father of the deceased and the father of defendant Lerner, purchased the jewelry from decedent's estate for $1830, after an appraisal by a professional jeweler. Plaintiffs allege that the jewelry is worth approximately $1 million. Plaintiffs assert that this purchase was for the benefit of defendant Lerner.

It has been held by the Illinois Supreme Court that a purchase by the administrator of the assets of an estate either directly or indirectly is fraudulent per se (*Davison v. Simater* (1937), 366 Ill. 139, 142, 7 N.E.2d 867, 869) regardless of the adequacy of the price or the fairness of the sale. (*Miles v. Wheeler* (1867), 43 Ill. 123, 126-27.) The reason for this rule is that the interests of a buyer and seller are necessarily antagonistic and the administrator acting as a fiduciary ought not to be exposed to this conflict of interest. *Shultz v. O'Hearn* (1925), 319 Ill. 244, 247, 149 N.E. 808, 809; *Rittenhouse v. Smith* (1912), 255 Ill. 493, 496, 99 N.E. 657, 659.

We hold that the allegations were sufficient to entitle plaintiffs to the relief requested. Plaintiffs alleged conduct sufficient to enable a court to impose a constructive trust if the allegations are found to be true. Fair play, equity, and good consciousness require that plaintiffs have their day in court.

We reverse the order of dismissal and remand the cause to the probate division of the Circuit Court of Cook County for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DIERINGER and LINN, JJ., concur.