THEMIS ANAGNOST *et al.*, Plaintiffs-Appellants, *v.* HAMMOND CORPORATION, Defendant-Appellee.

First District (1st Division)   No. 78-934

Opinion filed July 9, 1979.—Rehearing denied August 6, 1979.

Anagnost and Anagnost, of Chicago, for appellants.

William T. Kirby and Roger L. Longtin, both of Chicago (Hubachek, Kelly, Rauch and Kirby, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from the order of the trial court granting defendant's motion to dismiss plaintiffs' complaint for discovery.

Appellants' contentions on appeal may be summarized as follows:

(1) The right of plaintiffs as objecting shareholders to maintain a complaint for discovery against the survivor corporation of two merged Delaware corporations to determine the value of their shares of stock;

(2) The jurisdiction over plaintiffs in a prior Delaware statutory proceeding for valuation of the shares of objecting shareholders; and

(3) The jurisdiction over plaintiffs in a prior class action filed in the United States District Court of Delaware, and subsequently transferred to the United States District Court in Chicago, Illinois, on behalf of objecting shareholders.

We affirm.

On March 31, 1977, a class action was filed by another common shareholder and styled Barnett Stepak v. Hammond Corporation, *et al.*, in the United States District Court of Delaware, and subsequently transferred to the United States District Court in Chicago, Illinois, seeking money damages resulting from alleged violations of Federal securities laws and Delaware law in connection with the merger.

On April 1, 1977, an action styled Barnett Stepak v. Hammond Corporation was filed in the Court of Chancery in Wilmington, Delaware. This action was filed pursuant to section 262 of the General Corporate Laws of Delaware (Del. Code Ann. tit. 8, §262 (1975)), and sought appraisal of the value of the common shares of Old Hammond on behalf of Stepak and all of the stockholders similarly situated.

On December 30, 1977, plaintiffs filed the instant equitable bill for discovery in Chicago, Illinois, alleging that as common shareholders of Old Hammond who had demanded appraisal of their shares pursuant to section 262 of the General Corporate Laws of Delaware, they were entitled to access to Old Hammond's books and records. The complaint alleges that:

> "Said information is necessary for plaintiffs to intelligently determine whether or not they wish to accept the tendered price of $7.75 per share or to have their shares appraised in the Court of Chancery of the State of Delaware or to participate in the class action presently pending in the U. S. District Court for the District of Delaware."

On January 20, 1978, the defendant filed a motion to dismiss

plaintiffs' lawsuit pursuant to section 48(1)(c) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)), alleging, *inter alia*, that the pendency of both the Federal class action and the appraisal action in the Delaware Chancery Court precluded the plaintiffs from maintaining a complaint for discovery. The trial court, after hearing arguments of counsel, granted defendant's motion to dismiss.

On appeal plaintiffs have asserted that the order of dismissal was improper and plaintiffs have a right to maintain said complaint for discovery; that there is a question as to whether jurisdiction in the Delaware statutory proceedings for appraisal and valuation of the shares of dissenting shareholders attached prior to the service of the requisite notice of the pendency of the valuation proceedings; that the question of whether jurisdiction in the Federal action attached over members of the purported class before the trial court has made the determination as to the maintenance of the action as a class action; and that the pendency of the valuation proceedings and the Federal class action is insufficient to require dismissal of the instant complaint.

It is worthy to note at the outset that the complaint acknowledges the Delaware statutory proceeding and the Federal action, upon information and belief, but fails to mention in what manner or how plaintiff acquired knowledge of those proceedings or the manner of service, if any. The complaint then alleges that neither action will provide plaintiff with an adequate remedy at law to discover the information "in order for plaintiffs to make intelligently a decision as to the proper course in respect to their shares."

Section 48(1)(c) provides in relevant part:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\* \* \*

(c) That there is another action pending between the same parties for the same cause." Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c).

Plaintiffs maintain that section 48(1)(c) is inapplicable to the instant action because their complaint for discovery is not identical to either the pending Federal securities action or the Delaware appraisal action in that it seeks mere discovery rather than actual relief.

■■ Defendant concedes that in Illinois a complaint or bill in chancery for discovery has been a well-recognized proceeding (*City of Chicago v. Hart Building Corp.* (1969), 116 Ill. App. 2d 39, 253 N.E.2d 496; *Shaw v. Weisz* (1950), 339 Ill. App. 630, 91 N.E.2d 81; *Brandenburg v. Buda Co.* (1921), 299 Ill. 133, 132 N.E. 514), but states that the purpose of plaintiffs'

action is to ascertain the fair market value of their stock which is identical with the purpose of the Federal and the Delaware actions. Defendant further asserts that even if the purpose of the three actions were not identical, section 48(1)(c) would require dismissal as long as there was a substantial similarity of issues. We agree with this assertion. *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 357 N.E.2d 534.

In the motion to dismiss defendant has attached a copy of the complaint in the Delaware action, along with plaintiffs' first request for the production of documents, and a copy of the complaint in the Federal action. Defendant has stated in the appellee's brief that discovery is proceeding in both lawsuits and that plaintiffs' statement that no steps were taken subsequent to the filing of the initial petition in chancery in Delaware is untrue. Plaintiffs have not refuted this contention.

A cursory examination of the petition in chancery in Delaware and the Federal action reveals that both actions purport to be representative class actions, representing all dissenting common shareholders and requesting the production of records and other discovery from the defendant. (See *Root v. York Corp.* (1944), 28 Del. Ch. 203, 39 A.2d 780.) To permit plaintiffs to proceed with discovery in the instant action may entail the identical production of records and other discovery in three separate lawsuits and encourage a multiplicity of actions. In addition there may be three different courts assuming jurisdiction supervising the discovery process at the same time.

Generally, both the class-action statute (Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a)(2)) and Illinois case law require the existence of questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. (*Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226, 384 N.E.2d 316.) It appears from the petition in chancery filed in Delaware and section 262 of the Delaware Corporation Law Annotated that plaintiffs are included in the class in that proceeding. *Raynor v. LTV Aerospace Corp.* (Del. Ch. 1974), 331 A.2d 393.

Plaintiffs have not claimed that they are not members of the class in the Delaware action or that the Delaware court does not have jurisdiction of the parties and the subject matter to grant the identical relief requested in the Illinois action.

Further, plaintiffs have not denied that they are members of the alleged class in the Federal action, filed pursuant to the Securities Exchange Act of 1934 (15 U.S.C. §78a *et seq.* (1976)) as amended, and the Rules and Regulations promulgated thereunder, and that identical relief may be forthcoming from that action. It is significant that plaintiffs have not advised this court of any steps undertaken by plaintiffs to be excluded from either class action.

Looking at both the Delaware action and the Federal action, plaintiffs have not suggested that their right to have the fair market value of their stock determined will be diminished or eroded in any manner in those proceedings. In *People ex rel. Phillips Petroleum Co. v. Gitchoff*, the Illinois Supreme Court stated:

> "The decision * * * is based on section 48(1)(c) of the Civil Practice Act, which is designed to promote orderly procedure by preventing a multiplicity of actions. That section provides that a defendant may file a motion for dismissal of an action on the ground that 'there is another action pending between the same parties for the same cause.' (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(c).) Neither the parties nor the causes need be identical; a substantial similarity will suffice [Citations.]." 65 Ill. 2d 249, 255.

■■ We conclude that the facts before us demonstrate under the circumstances of this case that there are two prior actions pending that may embrace the rights of the dissenting common shareholders of defendant, including plaintiffs, and the action of the trial court in dismissing plaintiffs' action pursuant to section 48(1)(c) was correct. Because of the conclusion reached on this issue, we need not and do not consider plaintiffs' other contentions.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.