**Sue PARDY, etc., Plaintiff,**

v.

**UNITED STATES of America, and Mallinckrodt, Inc., Defendants.**

**Civ. No. 82–3069.**

United States District Court,
S. D. Illinois.

Oct. 13, 1982.

Gary Peel, East Alton, Ill., for plaintiff.

G. Keith Phoenix, St. Louis, Mo., for Mallinckrodt, Inc.

Robert Simpkins, Asst. U. S. Atty., East St. Louis, Ill., for defendants.

ORDER

FOREMAN, Chief Judge:

Before the Court is a Motion to Dismiss Count 3 of plaintiff's complaint filed by defendant Mallinckrodt, Inc., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that Count 3 is barred by *Ill.Rev.Stat.*, ch. 83, para. 15, which requires that actions for personal injury be brought within two years of the date of the injury. Plaintiff's injury occurred on November 6, 1978. This action was not filed until December 4, 1981.

For purposes of the Motion to Dismiss, the complaint is construed in the light most favorable to plaintiff and its allega-

tions are taken as true. *Hampton v. City of Chicago, Cook County, Ill.,* 484 F.2d 602, 606 (7th Cir. 1973). Thus, the complaint must merely allege facts that when applied to existing law protects plaintiff's claim from being barred by the statute of limitations. Plaintiff alleges that her husband was injured by a drug manufactured by defendant Mallinckrodt. Plaintiff contends her husband was rendered incompetent by the drug and that under *Ill.Rev.Stat.,* ch. 83, para. 22, incompetence tolls the running of limitations statute. Plaintiff's assertion that her husband was rendered incompetent by the drug will be accepted as true for purposes of this motion.

> *Ill.Rev.Stat.,* ch. 83, para. 22, provides: If the person entitled to bring an action, mentioned in the 9 preceding sections, is, *at the time the cause of action accrued,* within the age of 18 years, or incompetent, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed. (Emphasis added.)

Plaintiff claims that immediate incompetence caused by the tortious conduct of a defendant is included in the language "at the time the cause of action accrued." Defendant relies on the plain meaning of the statute to argue that incompetence caused by tortious conduct occurs concurrently with or after the cause of action accrues, and, thus, is not included in the tolling statute. The weight of authority and policy considerations persuade this Court that plaintiff's action implicates paragraph 22, and, therefore, is not barred by the statute of limitations.

Neither the Seventh Circuit nor the courts of Illinois [1] have directly addressed whether the statute of limitations is tolled under the facts of this case. However, courts have consistently accepted the argument that disabilities caused by tortious

conduct tolls the statute. In *Graboi v. Kibel,* 432 F.Supp. 572 (S.D.N.Y.1977), the court construed Section 208 of the Civil Practice Law and Rules of New York which tolled the statute of limitations for up to ten years for plaintiffs who are insane at the time the cause of action accrues. The court held that this tolling provision would also apply to plaintiffs rendered insane by the occurrence which is the basis of the suit. 432 F.Supp. at 578.

A majority of the state courts that have addressed the issue have adopted the principle that the tolling statute applies to mental incompetency resulting from and closely following the tortious conduct. *Foster v. Allbright,* 631 S.W.2d 147 (Tenn.App.1982); *Corsey v. State of Louisiana, et al.,* 375 So.2d 1319 (La.1979); *Klamm Shell v. Berg,* 165 Colo. 540, 441 P.2d 10 (1968); *Kyle v. Green Acres at Verona, Inc.,* 44 N.J. 100, 207 A.2d 513 (1965); *Emery v. Chesapeake & O. R. Co.,* 372 Mich. 663, 127 N.W.2d 826 (1964); *Pannell v. Glidewell,* 146 Miss. 565, 111 So. 571 (1927); *Nebola v. Minnesota Iron Co.,* 102 Minn. 89, 112 N.W. 880 (1907).

The purpose behind the tolling statute also supports including direct and immediate incompetence within the tolling statute. Paragraph 22 reflects an attitude that justice would not be served by barring an individual from pursuing his claim when he cannot by his own actions comply with the statute's time limit for bringing his suit. *Hurst v. Hederman,* 451 F.Supp. 1354 (N.D. Ill.1978) *citing* Gordon & Tennebaum, Conclusive Presumption Analysis: *The Principle of Individual Opportunity,* 71 N.W.L. Rev. 579, 604 (1976). Were the Court to accept defendant's argument that paragraph 22 applies only when incompetency is present before a cause of action accrues, individuals, like Mr. Pardy, would be effectively barred from pursuing an action. Furthermore, assuming Mr. Pardy has been

---

1. The court in *Calumet Electric Street Co. v. Mabie,* 66 Ill.App. 235 (1896) accepted plaintiff's argument in dicta. In *Calumet,* the plaintiff received injuries while a passenger aboard one of defendant's electric cars, but returned to work a few days later. Six months later plaintiff became insane and it was argued that this

insanity should toll the statute of limitations. The court held that the statute of limitations was not tolled. The court stated, however, that the result would be different if plaintiff alleged he was insane "from the day of infliction" of the injury. 66 Ill.App. at 240.

incompetent since the alleged tortious conduct by defendants, he is indistinguishable for purposes of paragraph 22 from an individual who suffers from incompetence prior to the tortious conduct. *See Hurst v. Hederman, supra,* at 1355.

■ Defendant argues further that even if Mr. Pardy falls within paragraph 22, the Statute of Limitations has run because Sue Pardy has been empowered to bring suit on behalf of her husband for more than two years. The record indicates, however, that Sue Pardy was appointed legal guardian of the estate of her husband less than two weeks before suit was filed. Nonetheless, assuming for the sake of argument that Sue Pardy was her husband's legal guardian for purposes of bringing suit for more than two years, the statute of limitations is still tolled.

The courts of Illinois again have not directly addressed the issue of whether the appointment of a guardian for an incompetent person starts the running of statute, but they have held that the appointment of a guardian to represent a minor does not affect the tolling provision of paragraph 22. *Eiseman v. Lerner,* 64 Ill.App.3d 185, 20 Ill.Dec. 824, 826–827, 380 N.E.2d 1033, 1035–36 (1978); *In Re Estate of Sheehan,* 290 Ill.App. 551, 554–55, 9 N.E.2d 63, 65 (1937). These decisions are based on the reasoning that the tolling statute focuses on the minor and not on his guardian since the minor is the true owner of the action. Like minors, incompetent persons retain title to their estates. *Matter of Estate of Brach,* 76 Ill.App.3d 1050, 32 Ill.Dec. 353, 358, 395 N.E.2d 583, 587 (1979). Therefore, it is consistent to hold that because Mr. Pardy is the owner of the cause of action the statute of limitations must run, if at all, against him and not his guardian. In so finding, the Court is in agreement with the majority of jurisdictions that have addressed the issue.[2]

Therefore, on the basis of the above discussion, plaintiff's action is not barred by the statute of limitations. Accordingly, defendant's Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED.

---

2. A survey of other jurisdictions reveals that as a general rule the appointment of a guardian for an incompetent person does not start the running of the period of limitations. *Wolf v. United States,* 10 F.Supp. 899 (D.C.N.Y.1935); *Shambegian v. United States,* 14 F.Supp. 93 (D.C.R.I.1936); *Zini v. First National Bank,* 228 Ark. 325, 307 S.W.2d 874 (1957); *Gottesman v. Simon,* 169 Cal.App.2d 494, 337 P.2d 906 (1959); *First State Bank v. Catron,* 268 Ky. 513, 105 S.W.2d 162 (1937).