*In re* ESTATE OF RAY H. NEISEWANDER, Deceased (Eleanor J. Neisewander *et al.*, Ex'rs of the Estate of Ray H. Neisewander, Deceased, Petitioners-Appellees, v. Timothy Lyons *et al.*, Objectors-Appellants; Susan L. Burns *et al.*, Objectors).

Fourth District   No. 4—84—0437

Opinion filed February 20, 1985.

Watts C. Johnson and Michael L. English, both of Johnson, Martin & Russell, P.C., of Princeton, for appellants.

Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield (T. Kent Cochran, of counsel), for appellees

JUSTICE McCULLOUGH delivered the opinion of the court:

The executors of the estate of Ray H. Neisewander filed an interim account for court approval. Five of the decedent's grandchildren filed an objection to the account. These objectors appeal from the order of the circuit court denying the objection and approving the account. At issue is whether the executors breached their fiduciary duties by engaging in self-dealing.

At his death on October 26, 1979, the decedent was survived by his widow, Eleanor Neisewander, six children and 28 grandchildren. His will named his son, Ray Neisewander, Jr., and Eleanor Neisewander as executors of the estate. The will gave them discretion, exercisable without court order, to: (1) sell, retain, lease or borrow money on any estate property; (2) settle any claims for or against the estate; and (3) settle any tax matters. One-half of the value of the adjusted gross estate was to be distributed to Eleanor Neisewander. The will gave the executors the power to satisfy this bequest in cash or in kind. The remainder of the estate was to be put in trust for the benefit of the decedent's grandchildren, after payment of taxes, expenses and administration costs. The beneficiaries were to receive the net income of the trust at least yearly. The trustee was given the power, in his sole and absolute discretion without regard to any statute or other law, to invest and reinvest the trust property. Ray Neisewander, Jr., was named as trustee.

The inventory filed by the executors included 23,800 shares of preferred stock in Neisewander Enterprises, Inc. The decedent had formed this corporation in 1974 as part of his estate plan. At the time of organization, its capital structure consisted of 28,000 shares of voting preferred stock and 5,000 shares of voting common stock. Prior to

his death, he had given each grandchild 100 shares of common stock and 150 shares of preferred. He had also given Ray Neisewander, Jr., 2,200 shares of common.

After an audit, the Internal Revenue Service and the executors settled on a value of the estate assets, including the value of the 23,800 shares of preferred stock in Neisewander Enterprises. The executors then transferred assets representing one-half of the estate's value to Eleanor Neisewander. Included in this transfer were all the shares of preferred stock. Eleanor Neisewander subsequently sold 18,700 shares to the corporation and the remaining 5,100 shares to Ray Neisewander, Jr.

The executors filed an interim account on November 4, 1983. Five children of one of the decedent's daughters objected to the account, alleging the transaction between Eleanor Neisewander and Ray Neisewander, Jr., amounted to self-dealing by the executors. The objectors contended the sale of stock to Ray Neisewander, Jr., enabled him to secure voting control over the corporation. They requested the court to order him to reconvey the stock to Eleanor Neisewander and order her to sell it to the corporation. The court refused and approved the executors' account.

■■ ■ A preliminary issue concerns the appealability of the order approving the interim account. The account must be considered a determination of the rights of the parties and, therefore, binding upon all persons given notice and required by section 24—2 of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 24—2). To rule otherwise would preclude any partial distribution which would be subject to court approval before the final account. Thus, the order is appealable. 87 Ill. 2d R. 304(b)(1).

The executors contend this court should not determine the merits of this appeal because a change of fact has rendered it moot. They maintain the objectors' only complaint is that Ray Neisewander, Jr., obtained voting control over the corporation through the transaction with Eleanor Neisewander. Subsequent to the account, the corporation purchased stock from two shareholders. As a result, Ray Neisewander, Jr., and his eight children possess more than 50% of the outstanding stock, excluding the 5,100 shares at issue. Even if the relief requested by the objectors is granted, therefore, Ray Neisewander, Jr., and his family will still have control over the corporation. Ray Neisewander, Jr.'s individual control, however, is not the same as his control through his family. We can only speculate as to whether his children will allow him to vote their stock. Moreover, regardless of the control issue, Ray Neisewander, Jr., now owns 5,100 shares,

which the objectors allege he obtained by breach of his fiduciary duty. If this is so, the transaction cannot be permitted to stand.

The objectors have moved to amend the record to include a petition for dissolution of marriage filed by the wife of Ray Neisewander, Jr. The dissolution petition relates solely to the issue of mootness. Because we have decided the mootness issue in favor of the objectors, their motion to amend is denied, as is the executors' motion to dismiss the appeal.

■ Generally, an executor has a fiduciary duty to act with the highest degree of fidelity and utmost good faith in handling estate assets. (*In re Estate of Lindberg* (1979), 69 Ill. App. 3d 714, 721, 388 N.E.2d 148, 154.) The objectors assert the executors breached this duty by the distribution of estate assets to a beneficiary, who was also an executor, and the subsequent sale of it to the co-executor. The objectors analogize the present case to the purchase of estate assets by an administrator or executor through the intervention of a nominal third party. Illinois courts have held such sales are fraudulent *per se.* The reason for the rule is that the fiduciary occupies the positions of both buyer and seller at the same time. To prevent him from being exposed to a conflict of interest, the rule absolutely forbids the fiduciary from occupying two such inconsistent positions. (*McCleary v. Lewis* (1947), 397 Ill. 76, 81, 72 N.E.2d 862, 865; *Miles v. Wheeler* (1867), 43 Ill. 123, 126; *Eiseman v. Lerner* (1978), 64 Ill. App. 3d 185, 189, 380 N.E.2d 1033, 1036.) For the same reason, a fiduciary may not purchase any encumbrance against his principal's property. *Home Federal Savings & Loan Association v. Zarkin* (1982), 89 Ill. 2d 232, 240, 432 N.E.2d 841, 846.

Unlike the cases cited, Ray Neisewander, Jr., did not purchase assets from the estate at his own sale, nor did he purchase any encumbrance that would conflict with his fiduciary obligations. Instead, he purchased assets that had been distributed to a beneficiary. Thus, the *per se* rule is not applicable.

■ Fiduciaries are not prohibited from having direct dealings with their beneficiaries so long as the transaction is fair. (*Home Federal Savings & Loan Association v. Zarkin* (1982), 89 Ill. 2d 232, 245-46, 432 N.E.2d 841, 848.)

> "[T]here is no duty on the part of a fiduciary to refrain from entering into contracts or conveyances or other transactions directly with his principal. The law does not regard such arrangements as so dangerous to the principal as to forbid them or make them absolutely voidable at the option of the principal. The courts permit such transactions but place upon the fiduci-

ary the duty of the utmost frankness and fair play." Bogert, Trusts & Trustees sec. 544, at 400 (2d ed. 1978).

Eleanor Neisewander received the stock as a beneficiary under the will. All beneficiaries are entitled to receive the full share of their interest. No rule of law or equity prevents a beneficiary, who is under no incapacity, from disposing of his interests for consideration; and a beneficiary may sell his interest to his fiduciary. *Victor v. Hillebrecht* (1950), 405 Ill. 264, 268-69, 90 N.E.2d 751, 754.

The objectors argue this is a special case because Eleanor Neisewander was an executor as well as a beneficiary. Thus, she participated in the decision as to which assets she would receive. Neither party has cited any case with specific authority for determination of the issue before this court. In any event, the question of whether an executor has breached his fiduciary obligations must be determined by the facts of the individual case. *In re Estate of Busby* (1937), 288 Ill. App. 500, 519, 6 N.E.2d 451, 459.

The objectors make no allegation that they suffered any financial harm or that either of the co-executors profited from the transaction. While the objectors are also shareholders in the corporation, none of them received any interest in the corporation from the decedent's estate. Eleanor Neisewander's disposal of the stock, therefore, could not affect their interest in the estate. The objectors maintain the executors went against the decedent's wishes by giving Ray Neisewander, Jr., control over the corporation. Yet, the decedent knew control had to pass through his estate, and he gave the executors broad discretion over his estate and his will. The objectors concede there were legitimate tax reasons why the executors distributed the stock rather than selling it and distributing the proceeds. In fact, they maintain the transaction would have been proper if Eleanor Neisewander had simply waited for the estate to close before selling the stock. She, however, disposed of the stock after it had left the estate. The objectors are, in effect, asking the court to restrict Eleanor Neisewander, as an individual, in her transfer of this stock by prohibiting her from selling it to Ray Neisewander, Jr. Under the facts of this case, we find no justification for this restriction.

For these reasons, the order of the circuit court denying the objection and approving the interim account is affirmed.

Affirmed.

WEBBER and MILLS, JJ., concur.